27409. ÆTNA CASUALTY & SURETY CO. *et al. v.*
PRATHER.

DECIDED MARCH 1, 1939. REHEARING DENIED MARCH 30, 1939.

*Haas, Gambrell & Gardner,* for plaintiffs in error.
*Rupert A. Brown, J. T. Middlebrooks,* contra.

FELTON, J. 1. A corporation engaged in the business of hauling passengers for hire, under a certificate issued by the Georgia Public Service Commission, is without authority to employ an independent contractor who has no certificate to perform such a service, so as to escape liability for negligence or its liability to pay compensation to an injured employee. If it attempts to do so, the person sought to be employed as an independent contractor shall be considered the employee of the carrier and so shall a person employed by the so-called independent contractor to drive the vehicle in which the passengers are carried. This is true because the law requires the carrier to insure against injury to its passengers, and makes it responsible for the fitness of the drivers of its vehicles, which duties it is against public policy of the State for the carrier to delegate to another over whom the Public-Service Commission could have no jurisdiction. It would make no difference that the carrier did not directly pay the driver for his services. *U. S. Fidelity & Guaranty Co.* v. *Stapleton,* 37 *Ga. App.* 707 (2) (141 S. E. 506); *Roberts* v. *U. S. Fidelity & Guaranty Co.,* 42 *Ga. App.* 668 (2) (157 S. E. 537); *Swift* v. *Alston,* 48 *Ga. App.* 649 (173 S. E. 741). The deceased driver in this case, employed by one whom the carrier had contracted to furnish his car for transportation of overflow passengers, was the employee of the carrier, and his wife was entitled to the compensation awarded.

2. The deceased earned $2.97 on the day he was killed. He was subject to call at any time but was called once or twice every two weeks. Under the definition of "regular wage" as laid down in the case of *McBrayer* v. *Columbia Casualty Co.*, 44 *Ga. App.* 59 (160 S. E. 556), the term does not involve continuity of employment, but regularity of wage. *Georgia Power Co.* v. *McCook,* 48 *Ga. App.* 138 (172 S. E. 78); Code, §§ 114-101, 114-402; *Maloney* v. *Kirby,* 48 *Ga. App.* 252 (172 S. E. 683); *Continental Casualty Co.* v. *Haynie,* 182 *Ga.* 608 (186 S. E. 683). The Industrial Board did not err in computing the compensation on the basis of the regular wage received by the employee on the date of his death by accident. Our act does not except an irregular employee. See 1 Schneider's Workmen's Compensation Law, 242, 243.

The superior court did not err in affirming the award.

*Judgment affirmed.* *Stephens, P. J., and Sutton, J., concur.*