28235. SELPH *v.* GEORGIA STAGES INC. *et al.*

DECIDED MAY 1, 1940. REHEARING DENIED JULY 20, 1940.

*John Henry Poole,* for plaintiff.   *S. B. Lippitt,* for defendants.

GUERRY, J.   The plaintiff brought suit against the Georgia Stages Inc., and R. E. Coleman, for malicious prosecution. He alleged, that he was employed by G. A. Harbin, whose business was qualified to be operated exclusively within the city limits of Tifton, Georgia, and not to fixed termini outside of the city, as a taxicab driver to drive cabs within the incorporated limits of Tifton; that on July 17, 1938, in the prosecution of the regular taxicab business of G. A. Harbin, he transported in his taxicab six persons for hire from Tifton, Georgia, to Thomasville, Georgia, fifty-four miles distant; that such trip was not "the regular business of petitioner, but was an isolated instance meeting the proposition of an occasional trip, and was not between such city or town and any fixed terminus outside of such city or town," and this was done in the prosecution of the regular taxicab business of G. A. Harbin; that when he reached Thomasville he was arrested by the sheriff of Thomas County because of a telephone message by an official of the Georgia Stages Inc., in Tifton, to R. E. Coleman, another official of said company in Thomasville, and that Coleman swore out a warrant for him after his arrest by the sheriff which occurred before such warrant had been procured; that by reason of said warrant the solicitor of the city court of Thomasville, "upon the further affidavit of R. S. Pardee in carrying on the prosecution initiated as aforesaid, and in complicity with the defendants as aforesaid, and in furtherance of the same prosecution, prepared an accusation" in said court; that a trial was had, and a verdict of not guilty returned; that R. E. Coleman in swearing out said warrant and instituting said prosecution was acting for the Georgia Stages Inc.; that Georgia Stages Inc., operated a bus line between Tifton and Thomasville, and R. E. Coleman was engaged as their manager; and that the arrest and prosecution were in furtherance of their efforts to "obtain a monopoly over the public roads between Tifton and Thomasville, and against any occa-

sional and isolated instance of any individual's procuring transportation for hire or transporting for hire."

The evidence was that the plaintiff was driving a taxicab as alleged, and that he obtained six passengers in Tifton and carried them to Thomasville for hire. He was arrested when he reached Thomasville, and gave bond for his appearance there. The six passengers were to go to Thomasville by bus of Georgia Stages Inc., but the fare charged was one dollar, and the plaintiff charged eighty cents per person. The plaintiff testified that he had worked for Harbin about one year, but had never before carried passengers to Thomasville. He had no regular schedule outside of Tifton, but occasionally went outside of Tifton as a taxicabman with passengers. R. E. Coleman testified, that he had the plaintiff arrested "for violating the motor-carrier law of 1929 and 1931;" that he was not qualified as a carrier of passengers, and "that the Georgia Stages Inc., had that route" between Tifton and Thomasville. The Georgia Stages Inc., was operating a bus line over this route under authority of the Georgia Public-Service Commission under a certificate of public convenience and necessity. Mr. Pardee, the prosecutor named in the accusation, represented the Georgia Public-Service Commission as a motor-carrier inspector, and worked with R. E. Coleman in handling the prosecution. R. S. Pardee, as an inspector for the Georgia Public-Service Commission, testified, that it was his duty to enforce the motor-carrier act of 1931; that he had had information from his superior officer that complaints were being made with reference to violations of the motor-carrier act by taxicabs of Tifton; that he was sent to investigate; that he left word with the agents of the stage lines in Tifton, Thomasville, and Moultrie, and with the sheriffs, to "be on the watch;" that Harbin, the owner of the Tifton taxicabs, was especially mentioned as an offender needing investigation; that when a violation on July 17 was reported to him he went to Thomasville and investigated it, saw the sheriff, and the six negroes who had been carried, got their stories, swore out a warrant, and instituted the accusation in the city court of Thomasville; that "we were after prosecuting him if we caught him violating the law;" and that Paul Selph was operating from one terminus to another. There was other evidence that taxicabs owned by Harbin and operated by Selph had been seen at Moultrie, Omega, and Ty Ty,

with passengers, which places were on the route given to Georgia Stages Inc.; and that the Harbin cabs had been seen at several different places outside of Tifton.

The jury returned verdicts in favor of the defendants. The plaintiff excepted to the overruling of his motion for new trial.

This being a suit for malicious prosecution, it was necessary for the plaintiff to prove that the prosecution had been carried on with malice and without probable cause. Conceding that the evidence was sufficient to support a verdict that the prosecution was carried on by the defendants, rather than by the representative of the Georgia Public-Service Commission, it certainly did not demand a verdict that it was carried on because of malice and without probable cause, but did support a verdict that there was probable cause for the prosecution. Without the allegation that the plaintiff was operating the taxicab on the occasion in question, not as a part of his regular business, but as an isolated instance or an occasional trip, it would have been subject to general demurrer. Whether under the Code, § 68-502(c-3) or § 68-602(b), a taxicab which, as alleged, was qualified to operate exclusively within the city limits of Tifton, and not to fixed termini without the city limits, could or could not, as part of its regular business, transport passengers for hire beyond the city limits, except "occasionally," and then not to "fixed termini," the petition alleged that the transporting by the taxicab operated in Tifton of passengers to Thomasville was not a part of its regular business, but was an isolated instance or occasional trip as defined in the Code sections above referred to; and the jury were authorized to find that such trip was not an isolated instance. It was entirely proper for the court to charge the jury with reference to the provisions of the motor-vehicle law, and what constituted a violation thereof. The charge upon the essential elements necessary to make out a cause of action for malicious prosecution was correct as an abstract principle of law, and was adapted to the pleadings and the evidence.

The remaining assignments of error are without merit. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*