35249. DIAMOND CAB CO. *v.* ADAMS *et al.*

DECIDED NOVEMBER 16, 1954—REHEARING DENIED DECEMBER 1, 1954.

*Jack B. Smith, Ginsberg & Rose,* for plaintiff in error.
*William F. Woods, Woods, Salem & Maddox,* contra.

NICHOLS, J. This is an appeal from a workmen's compensation case, in which the plaintiff in error states that the sole question before this court is whether the relationship of employer and employee existed between the Diamond Cab Company and the deceased taxicab driver.

"Individuals do not have the inherent right to conduct their private businesses in the streets of a city. A city can prohibit the owners or operators of taxicabs and buses from transporting

passengers for hire in such vehicles upon the streets of the city. The transportation of passengers for hire in such vehicles or otherwise is a privilege which the municipality can grant or withhold. As the owners or operators of taxicabs or jitney-buses have no right to transport passengers for hire on the streets of the city, and as the city can prohibit wholly or partially the conduct of such business in its streets, if the city sees fit to grant permission to individuals to conduct such business in its streets it can prescribe such terms and conditions as it may see fit, and individuals desiring to avail themselves of such permission must comply with such terms and conditions, whether they are reasonable or unreasonable. *Schlesinger* v. *Atlanta,* 161 *Ga.* 148 (129 S. E. 861)." *Clem.* v. *City of LaGrange,* 169 *Ga.* 51 (4) (149 S. E. 638, 65 A. L. R. 1361).

The Diamond Cab Company, having obtained a permit to operate taxicabs upon the streets of Atlanta, was bound to operate taxicabs in compliance with that city's regulatory ordinances, including an ordinance that no taxicabs "shall be operated by any person other than the owner, or his duly licensed employee," and cannot delegate its duties as an operating company to its drivers, by an arrangement of leasing its taxicabs to drivers as independent contractors rather than as employees, in order to avoid liability under the Workmen's Compensation Act for death or injury to its drivers. See *Aetna Casualty & Surety Co.* v. *Prather,* 59 *Ga. App.* 797 (2 S. E. 2d 115).

No such regulatory municipal ordinance was involved in the case of *Fidelity & Casualty Co. of N. Y.* v. *Windham,* 209 *Ga.* 592 (74 S. E. 2d 835), which is not controlling for this reason although otherwise similar in its facts.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*