37418. MALONE *v.* GARY.

Decided November 14, 1958—Rehearing
denied November 25, 1958.

*Robert M. Drake, Rosser Malone, Robert D. Hedrick,* for plaintiff in error.

*Durden & Durden, A. N. Durden,* contra.

QUILLIAN, Judge. Malone insists he was not the claimant's employer because he merely charged Holliday a fee for allowing him to operate the cab in his line and the claimant's dealings were with Holliday and not him. Malone applied for and obtained a license to engage in "the business of operating taxicabs in the City of Albany." While he did not comply with the provisions of the ordinance which required him to own the taxicabs under the license issued to him, this would not relieve him of the responsibilities imposed by such ordinance. "Individuals do not have the inherent right to conduct their private businesses in the streets of a city. A city can prohibit the owners or operators of taxicabs and buses from transporting passengers for hire in such vehicles upon the streets of the city. The transportation of passengers for hire in such vehicles or otherwise is a privilege which the municipality can grant or withhold. As the owners or operators of taxicabs or jitney-buses have no right to transport passengers for hire on the streets of the city, and as the city can prohibit wholly or partially the conduct of such business in its streets, if the city sees fit to grant permission to individuals to conduct such business in its streets it can prescribe such terms and conditions as it may see fit, and individuals desiring to avail themselves of such permission must comply with such terms and conditions, whether they are reasonable or unreasonable. *Schlesinger* v. *Atlanta,* 161 *Ga.* 148 (129 S. E. 861)." *Clem* v. *City of LaGrange,* 169 *Ga.* 51 (4) (149 S. E. 638, 65 A.L.R. 1361). It is clear from the language of the ordinance that it was the intent that whoever obtained such license did so for the purpose of actually engaging in the business of operating taxicabs. This being true the person obtaining such a license would not be allowed to avoid the duties of operating the company by allowing automobile owners to operate as independent contractors on his line for a certain fee, and thereby avoid liability under the Workmen's Compensation Act. Under authority of *Diamond Cab Co.* v. *Adams,* 91 *Ga. App.* 220 (85 S. E. 2d 451); *Aetna Cas. &c. Co.* v. *Prather,* 59 *Ga. App.* 797 (2 S. E. 2d 115), Malone was the claimant's

employer and is liable for compensation due him under the Workmen's Compensation Act.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*