## 40200. ATLANTA MILLION COOPERATIVE CAB COMPANY v. WILSON-ACOMB.

FRANKUM, Judge. 1. Where the evidence in this workmen's compensation case showed that the defendant corporation was, at the time of the injury complained of, operating a taxicab business under a franchise issued by the mayor and council of the City of Atlanta subject to the provisions of § 55.35 of the Code of General Ordinances of the City of Atlanta, which provides that no taxicabs operated within the city shall be operated by any person other than the owner or a duly authorized employee thereof; and where the evidence further showed that the claimant employee, at the time of the injury, was operating a taxicab owned by the defendant corporation, a finding was demanded, under the doctrine announced in *Diamond Cab Co. v. Adams*, 91 Ga. App. 220 (85 SE2d 451), that the relationship of employer and employee existed between the claimant and the defendant taxicab company. See *Malone v. Gary*, 98 Ga. App. 699 (106 SE2d 320). The motion of the plaintiff in error that these cases be overruled is denied.

2. There was ample evidence to authorize the finding of the deputy director that the defendant employer had regularly in its employ 10 employees and that it operated a business for gain or profit. The fact that due to the manner of operation no dividend had been paid to the stockholders of the corporation and that the retained earnings of the corporation were of a nominal amount was not material in the determination of the question of whether the business was operated for gain or profit. The cases of *Hall v. Georgia Milk Producers Confederation*, 61 Ga. App. 676 (7 SE2d 330), and *Flint Elec. Membership Corp. v. Posey*, 78 Ga. App. 597 (51 SE2d 869), cited and relied on by the plaintiff in error, involved corporations

organized under special Acts, and no such Act applicable to the incorporation of a cooperative association for the transportation of persons for hire has been called to our attention.

3. Where the evidence for the employee showed that his net earnings, after paying to the cab company its portion of the gross receipts taken from the operation of the cab, amounted to about $10 per day, and that he regularly worked six days per week, though the evidence showed that he had not been employed for 13 weeks immediately preceding the date of his injury, the award of the deputy director entered under the provisions of subsection 3 of *Code Ann.* § 114-402 based on an average weekly wage of $60, was authorized. *New Amsterdam Cas. Co. v. Brown,* 81 Ga. App. 790 (2) (60 SE2d 245); *Federated Mut. &c. Ins. Co. v. Elliott,* 88 Ga. App. 266 (4) (76 SE2d 568).

4. The judge of the superior court did not err in affirming the award.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED OCTOBER 11, 1963.

*Sheats, Parker & Webb, John Tye Ferguson,* for plaintiff in error.

*William F. Woods,* contra.