45030. COLE v. PEACHTREE CAB COMPANY.

HALL, Presiding Judge. Appeal by the claimant from a judg-

ment. of the Fulton County Superior Court setting aside an award of the State Board of Workmen's Compensation.

Claimant is a taxi driver. At the time of his injury he had an arrangement with Peachtree Cab under which he paid a fixed daily rate for the use of its cab and he retained all of the money collected as fares. The company maintained and insured the cab, and claimant bought the gasoline. Most of his calls came through the company's dispatcher by radio.

Under nearly identical facts, the Supreme Court has held, as a matter of law, that such a claimant is not an employee within the meaning of *Code Ann.* § 114-101. *Fidelity & Cas. Co. of N. Y. v. Windham*, 209 Ga. 592 (74 SE2d 835). Claimant contends there is a critical difference in that the bailment of the cab here could be terminated at any time during a workday. We disagree. *Windham* specifically states that the refusal to continue the rental arrangement "would not amount to a control of the time, manner and method of the operation of the cab by the company." *Windham*, supra, p. 595. We can discover no other facts that would show control of a different degree or kind from the *Windham* case.

We note that a Georgia authority on workmen's compensation made the following comment about the *Windham* case: "The facts are sufficient to support a finding of employment, and it seems to be the sort of situation which is best left with the factfinder. Since the appearance of respondeat superior and the passage of recent social legislation which burdens the employer, the ingenuity involved in drafting employment agreements to escape the relationship has been stupendous. But the formal terms of an agreement should never be the controlling factor. In the present case, the relationship is created solely for the purpose of securing to the employer his share of the income from the business." Feild, Workmen's Compensation, 5 Mercer L. R. 186, 200. In our opinion the determination here should be left to the board and we would affirm its findings under the any-evidence rule; however we are bound by the decision of the Supreme Court.

*Judgment affirmed. Deen and Evans, JJ., concur.*

ARGUED JANUARY 13, 1970—DECIDED JANUARY 28, 1970—

REHEARING DENIED FEBRUARY 12, 1970—

*Kaler, Karesh, Rubin & Frankel, J. Ben Shapiro, Jr., Martin Rubin,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* for appellee.