55786. WORRELL v. YELLOW CAB COMPANY.

SHULMAN, Judge.

The sole issue in this case is whether appellant was an employee of the appellee or was an independent contractor.

Appellant, a taxicab driver, was injured in an automobile collision while responding to a call from the taxicab dispatcher. She sought workmen's compensation benefits from the taxicab company whose vehicle she was driving and from related business entities. The appellee contended that appellant was not eligible for workmen's compensation benefits because she was an independent contractor who leased a vehicle and could not, therefore, be an employee.

At the hearing, appellant introduced into evidence certified copies of certain ordinances of the City of Atlanta. One of the ordinances pertaining to the operation of taxicabs provides as follows: "No vehicle provided for under the provisions of this article shall be

operated by any person other than the owner or his duly authorized employee or agent." Code of Ordinances of the City of Atlanta, 1965, § 34-49. (The same provision appears as § 14-8069 of the 1977 Code of Ordinances of the City of Atlanta.) The administrative law judge denied compensation and her ruling was affirmed by the full board with one dissent. The superior court affirmed the decision.

1. This case is controlled by the holdings of this court in *Diamond Cab Co. v. Adams,* 91 Ga. App. 220 (85 SE2d 451); *Malone v. Gary,* 98 Ga. App. 699 (106 SE2d 320); and *Atlanta Million Coop. Cab Co. v. Wilson-Acomb,* 108 Ga. App. 465 (1) (133 SE2d 437). In *Diamond Cab,* this court held, "The Diamond Cab Company, having obtained a permit to operate taxicabs upon the streets of Atlanta, was bound to operate taxicabs in compliance with that city's regulatory ordinances, including an ordinance that no taxicabs 'shall be operated by any person other than the owner, or his duly licensed employee,' and cannot delegate its duties as an operating company to its drivers, by an arrangement of leasing its taxicabs to drivers as independent contractors rather than as employees, in order to avoid liability under the Workmen's Compensation Act for death or injury to its drivers. See *Aetna Casualty & Surety Co. v. Prather,* 59 Ga. App. 797 (2 SE2d 115)." *Diamond Cab Co.,* supra, p. 221.

2. Appellee argues that the cases cited above were decided under a different ordinance than the one involved in the present case. It is true that there is a slight difference between the old and new ordinances: the latter has the words "or agent" added to the end of the sentence. We find that appellee is asserting a distinction without a difference insofar as it applies to this case. The ordinance still does not permit licensed taxicab companies to escape liability by allowing independent contractors to operate the vehicles.

3. Appellees based their defense on *Fidelity &c. Co. of N. Y. v. Windham,* 209 Ga. 592 (74 SE2d 835), and *Cole v. Peachtree Cab Co.,* 121 Ga. App. 177 (173 SE2d 278), which held that claimants in circumstances similar to those of appellant were independent contractors and were not entitled to compensation. However, as noted in

*Diamond Cab,* "No such regulatory municipal ordinance was involved in the case of *Fidelity & Casualty Co. of N. Y. v. Windham,* [supra], which is not controlling for this reason although otherwise similar in its facts." *Diamond Cab Co.,* supra, p. 221. *Cole* is distinguishable for the same reason.

4. Under the doctrine announced in *Diamond Cab,* ". . .a finding was demanded . . . that the relationship of employer and employee existed between the claimant and the defendant taxicab company." *Atlanta Million Coop. Cab,* supra, p. 465. The superior court erred in affirming the award of the board of workmen's compensation which adopted the findings and conclusions of the administrative law judge, denying compensation on the ground that appellant was an independent contractor.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED MAY 15, 1978 — DECIDED JULY 14, 1978.

*Bruce D. Duncan,* for appellant.
*W. Edmond Waters,* for appellee.