## 69312. BRUNSON v. VALLEY COACHES, INC. et al.
(327 SE2d 758)

McMURRAY, Presiding Judge.

This is an action for damages arising from an automobile collision. One of the vehicles was owned and operated by plaintiff Brunson, the other vehicle was a taxicab owned by defendant Valley Coaches, Inc., d/b/a Radio Cab Co. (Valley Coaches) and operated by

defendant McLane. Plaintiff's complaint, as amended, states a claim against defendant McLane on a theory of negligence, and against defendant Valley Coaches on a theory of respondeat superior, alleging that defendant McLane is the agent and employee of Valley Coaches. Also named as a defendant is Guaranty National Insurance Company (Guaranty), an insurer of the taxicab.

Following discovery, Valley Coaches moved for summary judgment contending that defendant McLane was an independent contractor operating under a lease agreement and not an employee or agent of Valley Coaches. Defendant Guaranty moved to strike the allegations regarding insurance and for its dismissal as a named defendant. Plaintiff appeals from the grant of Valley Coaches' motion for summary judgment, and Guaranty's motion to strike and motion to dismiss. *Held*:

1. In regard to whether defendant McLane is an agent or employee of defendant Valley Coaches, we must determine whether Valley Coaches had the right to direct the time, the manner, the methods, and the means of the execution of the work. *Hampton v. McCord*, 141 Ga. App. 97, 98 (1) (232 SE2d 582); *Withrow Timber Co. v. Blackburn*, 244 Ga. 549, 550 (261 SE2d 361); *Logan v. American Bankers Life &c. Co.*, 168 Ga. App. 647, 650 (2) (310 SE2d 263). The contract between defendant McLane and Valley Coaches provides for the lease of the taxicab and for the furnishing by Valley Coaches of certain services related to communications (telephone call service and radio service) or the maintenance of the taxicab. Under the contract, discretion in the operation of the taxicab is vested in defendant McLane.

The evidence as to the actual practice is consistent with the terms of the contract. Defendant McLane testified that he determined his schedule, informing Valley Coaches by radio when he was in service.

Valley Coaches did not share in the profits and losses of McLane. Under the lease Valley Coaches was paid a fixed weekly amount for the use of the taxicab plus an additional mileage fee on a per mile basis if use of the vehicle exceeded a specified number of miles. Valley Coaches assumed no responsibility for obtaining the driver's taxi license or for resolving customers' complaints.

We find no evidence distinguishing the case sub judice from *Red Top Cab Co. v. Hyder*, 130 Ga. App. 870 (204 SE2d 814). Consequently, we find no error in the trial court's grant of Valley Coaches' motion for summary judgment.

2. Plaintiff's action against defendant Guaranty was predicated on the supposition that defendants Valley Coaches and McLane were common carriers regulated by the Georgia Public Service Commission under the provisions of OCGA § 46-7-1 et seq. See in this regard

OCGA § 46-7-2. Based on this supposition, plaintiff contends that pursuant to OCGA § 46-7-12 (e) he may join the motor carrier and the insurance carrier in the same action.

Defendants Valley Coaches and McLane contend that they were exempt from Georgia Public Service Commission regulation. OCGA § 46-7-35 (a) (2) provides exemption from Georgia Public Service Commission regulation for "Taxicabs . . . which operate within the corporate limits . . . of cities and are subject to regulation by the governing authorities of such cities . . . and this exception shall apply to taxicabs . . . even though such vehicles may in the conducting of their regular business occasionally go beyond the corporate limits of such cities, provided that they do not operate to or from fixed termini outside of such limits."

Defendant McLane's taxicab business was regulated by the City of Augusta. Although he occasionally provided taxicab services outside the corporate limits of Augusta such would not preclude exemption under OCGA § 46-7-35 (a) (2) so long as such service was not to or from fixed termini outside the city. Although a significant portion of defendant McLane's business may have been conducted outside the city such, in the light of the broad definition of "occasionally" as used in OCGA § 46-7-35 (a) (2), would not preclude exemption. See *G. C. G. Jewelry Mfg. Corp. v. Atlanta Baggage & Cab Co.*, 109 Ga. App. 469, 471 (1) (136 SE2d 419); and *Selph v. Ga. Stages*, 62 Ga. App. 887 (10 SE2d 209).

Nor does the evidence suggest that defendant McLane operated to fixed termini outside the city. Even if termini is construed, as plaintiff argues, to include any point at which a taxicab picks up a passenger, the evidence clearly shows that such points were not "fixed," but were dependent on the location of requests for service or "calls" received by Valley Coaches and to which McLane decided to respond. Therefore, the trial court did not err in concluding that the exemption provided under OCGA § 46-7-35 (a) (2) is applicable to the case sub judice.

OCGA § 46-7-12 (e) not being applicable to the case sub judice, the general rule, that an insurer may not be joined as a party defendant with its insured where there has been no judgment previously obtained against the insured, is applicable. See *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 338 (6) (291 SE2d 410); *Seaboard Coast Line R. Co. v. Freight Delivery Svc.*, 133 Ga. App. 92, 95 (3) (210 SE2d 42). The trial court did not err in striking those portions of the complaint referring to insurance nor in dismissing Guaranty as a party defendant.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 22, 1985 —
REHEARING DENIED MARCH 6, 1985.

*Neal W. Dickert, Gail C. Arneke,* for appellant.
*Duncan D. Wheale, J. Arthur Davison,* for appellees.