## A96A1549. SMITH v. YELLOW CAB COMPANY OF CHATHAM COUNTY, INC.
### (476 SE2d 887)

Birdsong, Presiding Judge.

Willie E. Smith filed suit against Charles E. Maskevich and Yellow Cab Company of Chatham County, Inc., for injuries sustained by Smith when his vehicle was struck by a Yellow Cab driven by Maskevich. The trial court granted summary judgment to Yellow Cab, holding that it could not be respondeat superior because Maskevich was an independent contractor rather than its employee. Smith appeals. *Held*:

Maskevich signed an agreement stating he was an independent contractor. He could set his own hours, had no duty to report to the dispatcher or to Yellow Cab at any time, and was not required to answer a particular call and had the discretion to decline to transport any intended passenger after answering a call. Moreover, Maskevich was not paid by Yellow Cab; rather, Maskevich paid a set lease fee to Yellow Cab and this fee included the use of Yellow Cab's dispatcher service. He paid for his own gasoline and returned the car to Yellow Cab with a full tank; Yellow Cab did not withhold income tax or file tax forms for Maskevich; he received no vacation or bonus pay from Yellow Cab; and, Yellow Cab did not control the time, manner, method or means by which Maskevich performed his work as a taxicab driver. The lease agreement by which Maskevich leased the vehicle also provided that Maskevich indemnifies and holds harmless Yellow Cab for any and all claims arising out of or caused by his use, operation or maintenance of the vehicle.

Smith contends this case is controlled by the fact that the only city business license issued for operation of this taxicab was issued to Yellow Cab, and that Maskevich had only a "driver's permit" but did not obtain a business license in order to operate his own taxicab company. He thus contends Maskevich cannot be considered the real operator of this cab and that Yellow Cab is estopped to deny Maskevich was its employee because it allowed Maskevich to operate its cab under its own business license and without obtaining a business

license for himself as operator of a taxicab. See *West End Cab Co. v. Stovall*, 98 Ga. App. 724 (106 SE2d 810). However, the issue is whether the employer retains the right to exercise control over the time, manner and method of the work performed. *BellSouth Telecommunications v. Helton*, 215 Ga. App. 435 (451 SE2d 76). Even construing the evidence in respondent Smith's favor on Yellow Cab's motion for summary judgment (*Bishop v. KFC Nat. Mgmt. Co.*, 222 Ga. App. 1 (473 SE2d 218)), we find that the undisputed evidence shows Yellow Cab did not retain control of the time, manner and method of the work performed by Maskevich. Thus, no genuine issues of material fact remain as to whether Yellow Cab may be liable as respondeat superior in this case. This case is controlled by *Loudermilk &c. v. Hurtig*, 214 Ga. App. 746 (449 SE2d 141) and *Brunson v. Valley Coaches*, 173 Ga. App. 667 (327 SE2d 758); and see *Fidelity &c. Co. v. Windham*, 209 Ga. 592 (74 SE2d 835). *West End Cab Co.*, supra, is inapposite because that cab was subject to the supervision and control of the carrier.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 10, 1996.

*Cronk & Hardeman, Harold J. Cronk*, for appellant.
*Parkerson, Shelfer & Groff, David B. Groff*, for appellee.