A96A2091. YELLOW CAB OF CHATHAM COUNTY, INC.
v. KARWOSKI.
(486 SE2d 39)

BLACKBURN, Judge.

The sole issue before us in this workers' compensation case is whether Francis R. Karwoski was an independent contractor or an employee.

Karwoski was injured while driving a taxicab for Yellow Cab of Chatham County, Inc. (Yellow Cab). Relying upon this Court's decision in *Worrell v. Yellow Cab Co.*, 146 Ga. App. 748 (247 SE2d 569) (1978), the cases cited therein, and certain provisions of the Savannah City Code, the administrative law judge found that Yellow Cab was estopped to deny that Karwoski was its employee. On this basis, it granted his summary judgment motion for workers' compensation benefits. The State Board of Workers' Compensation reversed, and the superior court reversed the State Board. Yellow Cab now contends that the ALJ and the superior court erroneously construed *Worrell* and the Savannah City Code to preclude the use of independent contractors as cab drivers.

In *Worrell*, we found that the language of the Code of Ordinances of the City of Atlanta prohibited licensed taxicab companies from using independent contractors to operate their vehicles. Therefore, Worrell was an employee and the Workers' Compensation Act applied. Id. at 749. Our opinion in *Worrell* was controlled by several earlier taxicab cases interpreting the same Ordinances of the City of Atlanta, including *Atlanta Million Cooperative Cab Co. v. Wilson-Acomb*, 108 Ga. App. 465 (1) (133 SE2d 437) (1963); *Diamond Cab Co. v. Adams*, 91 Ga. App. 220 (85 SE2d 451) (1954); and one case involving the City of Albany Code which was similar to the City of Atlanta Code, that being *Malone v. Gary*, 98 Ga. App. 699 (106 SE2d 320) (1958). Both the Atlanta and Albany codes required that any driver be either an owner or employee of the taxicab company.

In both *Diamond Cab*, supra, and *Atlanta Million*, supra, this Court had to determine whether the subject cab drivers were employees or independent contractors. The controlling Atlanta City Code provided that "no taxicabs shall be operated by any person other than the *owner, or* his duly licensed *employee*." (Punctuation omitted; emphasis supplied.) *Diamond Cab*, supra at 221. This language clearly precludes the use of independent contractors, and we therefore held that the injured cab drivers were employees of the respec-

tive cab companies for purposes of workers' compensation. Id.; *Atlanta Million*, supra at 465.

The Atlanta City Code involved in *Worrell* had been amended. In *Worrell*, the code read, "[n]o vehicle provided for under the provisions of this article shall be operated by any person other than the owner or his duly authorized employee or agent." (Punctuation omitted.) *Worrell*, supra at 748-749. In *Worrell*, Yellow Cab contended that Worrell was an independent contractor. In *Worrell*, however, unlike the present case, Yellow Cab owned the taxi and leased same to Worrell. Since Yellow Cab owned the vehicle Worrell drove, it is clear that Worrell was not an independent contractor. Under these facts and the otherwise clear language of the ordinance, this Court held that Worrell was an employee, notwithstanding the amendment to the ordinance. Id. at 750.

In *Malone*, supra, the applicable Albany code required that all vehicles be owned by the owner of the taxicab business. Id. at 700. Malone, the taxicab business owner, did not own the vehicle involved in the collision, and he contended that his third-party driver was an independent contractor. This Court rejected that argument and held that the owner of the business could not avoid the duties of operating the taxicab business by allowing third-party owners of automobiles to operate as independent contractors where the Albany ordinance required that all taxis be owned by the owner of the business. Both the Atlanta and Albany codes required that all vehicles be *owned by the business owner, or driven by his or her employee*. The statutory schemes involved in each of these codes dictate ownership of the vehicles or the status of the driver and thereby preclude an operator of a vehicle from having the status of an independent contractor.

Unlike the Atlanta and Albany codes, the Savannah code in this case contains no provisions dictating ownership of the taxicabs, and no language specifically requiring that drivers be either owners or employees. Rather, the Savannah code dictates that separate licenses be obtained both for ownership of a taxicab business and to drive a taxicab. Under Section 6-1423 of the Savannah City Code, it is unlawful to operate a taxicab business without a license from the city. In addition, each taxicab driver must have a separate taxicab driver's permit. See Section 6-1429. Therefore, in order to operate lawfully, an independent contractor must have both a driver's permit *and* a taxicab business license. The superior court concluded that the language of the Savannah City Code precludes the use of independent contractors as drivers. The superior court held that Karwoski was an employee of Yellow Cab, not an independent contractor, and that the Workers' Compensation Act was applicable in this case.

The trial court found that although Karwoski had a cab driver's permit, he had no taxicab business license, and he therefore failed to

meet the first requirement for being an independent contractor. Nor did he have any of the other requirements for a licensed taxicab business/independent contractor: a fixed place of business (Section 6-1424), both doors of his cab permanently marked with his own company's name in letters at least four inches high (Section 6-1446), a number on display in his cab assigned to him by the city (Section 6-1447), and his cab painted in his own cab company's distinctive color scheme (Section 6-1450).

Instead, Karwoski operated from Yellow Cab's taxi stand. His cab was painted Yellow Cab's assigned shade of yellow, it had Yellow Cab's name on its sides and top, and the number on display in his cab was assigned by the city to Yellow Cab. The trial court also found that Yellow Cab was cognizant of all of these facts during the time it associated with Karwoski.

Under these facts, Karwoski did not meet the requirements for being an independent contractor under the Savannah City Code. The only status recognized by the Savannah code which fits the facts here is that of an employee of Yellow Cab. All parties are presumed to act in a lawful manner, and under the licensing scheme of the Savannah code, all drivers are either owners or employees. *Worrell, Diamond Cab, Atlanta Million,* and *Malone* were each controlled by the particular municipal code involved and the cases interpreting such code. The clear language of each of these codes precludes the use of an independent contractor as a driver. The subject case involves the interpretation of the Savannah code which contains different statutory provisions and schemes, which code has not been addressed in any of the cited cases. The Savannah code has a unique statutory scheme and contains provisions different from those involved in *Worrell, Diamond Cab, Atlanta Million,* and *Malone.* While this case is not controlled by *Worrell,* on analysis, the result is the same. The trial court did not err in concluding that Yellow Cab was estopped to deny that Karwoski was its employee for the reasons herein outlined.

*Judgment affirmed. McMurray, P. J., Johnson, Ruffin, JJ., and Senior Appellate Judge Harold R. Banke concur. Beasley, J., concurs in the opinion but does not participate in the "On Motion for Reconsideration." Andrews, C. J., Birdsong, P. J., Pope, P. J., and Smith, J., dissent.*

BIRDSONG, Presiding Judge, dissenting.

As I cannot agree that the Savannah city ordinance requires that we find either Karwoski or the driver in *Smith v. Yellow Cab Co. of Chatham County,* 223 Ga. App. 143 (476 SE2d 887), was an employee of Yellow Cab, I must respectfully dissent.

The majority's premise in this case that these Savannah taxicab drivers must be employees is based upon its conclusion that, as the

Savannah taxicab ordinance requires that taxicabs be driven by one who possesses both a taxicab business license and a taxicab driver's permit, if one has only a driver's permit, he must be classified as an employee of the entity that has the taxicab business license. I cannot agree with this conclusion. Even though we may conclude that the ordinance requires that independent contractors, i.e., owner/operators, in the taxicab business possess both taxicab business licenses and taxicab driver's permits, it is a great leap to conclude that this scheme *demands* the conclusion that independent contractors who do not possess taxicab business licenses must be employees of the entity who leases them taxicabs.

The definition of an independent contractor under workers' compensation law is contained in OCGA § 34-9-1 (2). The Savannah city ordinance on taxicabs does not alter that result. Although we have in other cases found that some local ordinances require that taxicabs be driven only by the owners of taxicab businesses or their employees (see *Atlanta Million Cooperative Cab Co. v. Wilson-Acomb*, 108 Ga. App. 465 (133 SE2d 437); *Malone v. Gary*, 98 Ga. App. 699 (106 SE2d 320); *Diamond Cab Co. v. Adams*, 91 Ga. App. 220 (85 SE2d 451)), the Savannah ordinance contains no such requirement. Thus, in Savannah there is no restriction on the legal status of persons who drive taxicabs as long as they have the required licenses.

Consequently, as I know of no rule of law that requires that we hold that one who does not have a valid business license becomes the employee of one who does (a proposition that should send tremors through the ranks of lessors), I must dissent from the majority's opinion in *Karwoski*.

In *Smith* we considered whether the driver was an *actual* employee or an independent contractor under tort law, and the facts required the conclusion that the driver was an independent contractor. Because Smith was an *actual* independent contractor and not an *actual* employee we reached the correct result in *Smith*: Yellow Cab was not liable as respondeat superior, even if a non-licensed operator violated the Savannah city ordinance by driving a cab without a taxicab business license. That Yellow Cab allows unlicensed independent contractors to lease its cabs may be of interest to enforcers of the city code, but it does not require us to deem an *actual* independent contractor to be an "employee" so as to hold Yellow Cab liable in tort to third parties for the acts of an actual independent contractor. Yellow Cab may have been subject to prosecution for violation of the city code, but this does not make it vicariously liable to third parties under respondeat superior.

Accordingly, I would reverse the judgment in *Karwoski* and not overrule *Smith*. I am authorized to state that Chief Judge Andrews, Presiding Judge Pope and Judge Smith join in this dissent.

ON MOTION FOR RECONSIDERATION.

The case law dealing with the use of independent contractors as drivers of taxicabs within municipalities has become blurred and confused over the years. These cases generally divide into two lines: those tort cases involving the doctrine of respondeat superior and those workers' compensation cases involving coverage for injured drivers. In each category, the plaintiffs seek to hold the taxicab company liable as the employer of the driver-employee, while the taxicab companies seek to avoid liability on the basis that the drivers are independent contractors, not employees.

While the case law has become confused, the statutory law is quite clear. OCGA § 46-1-1 (9) (C) (ii) and its predecessor statute provide that "[t]axicabs . . . which operate within the corporate limits of municipalities . . . *are subject to regulation by the governing authorities of such municipalities.*" (Emphasis supplied.) See *Brunson v. Valley Coaches*, 173 Ga. App. 667 (327 SE2d 758) (1985). It is clear, therefore, that individual cases in this area are controlled by the applicable city ordinance where it addresses such issues, directly or indirectly. The first step in analyzing these cases is to look to the applicable city code. Where such code addresses the issue, it is controlling. Where it does not, then general law would apply.

The case law confusion has arisen because: (1) the applicable city ordinance has not always been raised, or addressed where raised; (2) appellate opinions have relied upon cases involving the ordinances of different cities which vary greatly, or upon different versions of the same city ordinance; and (3) appellate opinions have sometimes erroneously relied on prior decisions which properly applied the general law, but which general law did not control the case being decided. For example, if the subject city ordinance in the prior case did not address the issue of the employment status of taxicab drivers, and the case was decided based on general law, such case could not properly control a present case wherein the city ordinance was raised, and it required that all taxicab drivers be either an owner or an employee of the taxicab company.

The effect of the current structure for the control of taxicab companies in the area of tort and workers' compensation liability has been to create an erratic body of *state case law* where the true controlling authority is *assorted city ordinances,* resulting from the legislature's delegation of such authority to the municipalities under OCGA § 46-1-1. In his special concurrence in *Loudermilk Enterprises v. Hurtig,* 214 Ga. App. 746 (449 SE2d 141) (1994) (physical precedent only), Judge Johnson called upon the legislature and local governments to re-examine their policies in connection with the regulation of the taxicab industry for the protection of the public. I second

Judge Johnson's call for action.

On motion for reconsideration, Yellow Cab contends that this case is controlled by our decision in *Smith v. Yellow Cab Co. of Chatham County*, 223 Ga. App. 143 (476 SE2d 887) (1996), a case in which this author concurred. *Smith* was a negligence action arising from an automobile collision in which this Court affirmed the trial court's grant of summary judgment to Yellow Cab based on a determination that the driver therein was an independent contractor rather than an employee. *Smith* involved the Savannah city ordinance which was properly raised and presented as an issue in the trial court and to this Court. *Smith* was wrongly decided, as this Court decided same based on the general law, rather than the Savannah city ordinance as required by OCGA § 46-1-1 and *Worrell v. Yellow Cab Co.*, 146 Ga. App. 748 (247 SE2d 569) (1978).

This Court held in *Smith* that "[t]his case is controlled by *Loudermilk*." Id. at 144. *Loudermilk* is a one-judge panel opinion, in which one judge concurred specially and the other judge on the panel concurred in the judgment only. Although the case arose in the City of Atlanta and the City of Atlanta ordinance in effect at the time would have applied, the same was not raised or addressed in the opinion, and the case was determined under general law. The opinion found that the driver therein was an independent contractor and that there was insufficient evidence to establish that an employer-employee relationship existed between the driver and the cab company. This Court reversed the trial court's denial of the defendant cab company's motion for directed verdict and the jury verdict in the amount of $74,046.61. As *Loudermilk* is physical precedent only, it cannot be cited as authority and did not control *Smith*. Court of Appeals Rule 33 (a).

*Smith* also cited another case which is physical precedent only and may not be cited as authority, *West End Cab Co. v. Stovall*, 98 Ga. App. 724 (106 SE2d 810) (1958). *West End* is a panel case in which one of the judges concurred in the judgment only. *West End* also was set in Atlanta and was subject to the Atlanta City Code, but this issue was not raised in the case or addressed at any level.

A review of the cases reveals that city ordinances sometimes address the issue of the status of drivers directly by requiring that drivers be either owners or employees. See *Diamond Cab Co. v. Adams*, 91 Ga. App. 220, 221 (85 SE2d 451) (1954) (a case involving the City of Atlanta ordinance); see also *Malone v. Gary*, 98 Ga. App. 699, 700 (106 SE2d 320) (1958) (a case involving the City of Albany Code which required that all taxicabs be owned by the owner of the taxicab business).

Savannah City Code § 6-1423 provides in part, that "(a) No person . . . shall operate a business involving the use of one (1) or more

taxicabs on the streets of the City unless a license for such business has first been granted by the City." In addition, each driver, including owners, must have a taxi driver's permit issued by the City under Savannah City Code § 6-1422 (f). Therefore, any true independent contractor who was operating a taxicab under Yellow Cab's name would not be controlled by Yellow Cab and would be required to have a taxicab business license for its independent business in addition to a taxi driver's permit. It is undisputed in *Smith* and the present case that the drivers had only a taxi driver's permit and not a business license.

In *Worrell*, supra, this Court held that where a taxicab company failed to comply with the relevant requirements of the applicable city ordinance, it could not avoid its obligations to provide workers' compensation coverage, and that a finding was therefore demanded that the relationship of employer and employee existed between the claimant and the defendant taxicab company. In *Smith* and here, with knowledge of Yellow Cab, these drivers were permitted to operate without a business license for their "independent" businesses. As in *Worrell*, such facts demand a finding that the relationship of employer and employee existed in *Smith* and the present case and Yellow Cab is estopped to deny such relationship. For the above reasons, our opinion in *Smith* is overruled and our holding herein is unchanged.

DECIDED MARCH 6, 1997 —
RECONSIDERATION DENIED APRIL 4, 1997 — Before Judge Freesemann.

*Parkerson, Shelfer & Groff, David B. Groff*, for appellant.
*Jones, Boykin & Associates, Noble L. Boykin, Jr.*, for appellee.