28609. LUNSFORD *et al. v.* CARDEN.

DECIDED FEBRUARY 8, 1941.

*Paul L. Lindsay, Paul L. Lindsay Jr.,* for plaintiffs in error.
*Howell & Post, Mildred L. Kingloff,* contra.

SUTTON, J. ■ The evidence, though conflicting, was sufficient to authorize the verdict in favor of the plaintiff. According to the plaintiff's testimony, W. O. Wilson, one of the members of the defendant partnership, appeared at the scene of the accident within a few minutes after the collision occurred, and stated to the plaintiff that the truck belonged to them, that he was having it sent to the garage for repairs when the accident happened, and told the plaintiff to have his truck repaired and he would pay the damages; that he also made a similar statement to a policeman at that time as to the ownership of the truck, and objected to the policeman having it sent to the Spider Garage, where the city was accustomed to send wrecked cars, but insisted that it be carried to the Lee Street Garage where he said he was having it sent when the

accident occurred. Mr. Wilson in his testimony denied that he made the declarations as to the ownership of the truck and the purpose for which it was being driven at the time of the accident, and further testified that the truck was sold by them (the partnership) to Will Ransom on April 16, 1937. A retention-title note for the truck from Ransom to the ice company was introduced in evidence. It showed that it was recorded more than two months after the date of its execution and eighteen days after the accident in question. The license number for the truck was registered in the name of the partnership on April 16, 1937. Under the evidence the jury was authorized to find that at the time of the accident the truck in question was owned or controlled by the partnership, and that it was being driven by their agent and for their use or benefit. See *Collier* v. *Schoenberg,* 26 *Ga. App.* 496 (106 S. E. 581); *Simmons* v. *Jones,* 55 *Ga. App.* 831, 833 (191 S. E. 490).

■ The amended motion for new trial complains of the following charge of the court: "Now, I charge you, gentlemen of the jury, that in considering this case, if you believe from all the evidence that this negro, Will Ransom, was the employee and servant of the defendants in this case, and you believe at the time of the alleged occurrence that Will Ransom was under the control of the defendants and was about their business and about his employment with the defendants and in the course of his employment, then I charge you that if you further believe that Will Ransom was negligent, then his negligence, if any, would be imputable to the defendants in this case," on the ground that it "was insufficient to inform the jury as to the liability of movants, if the jury found that the truck in question had in fact been sold to the driver and delivered to the driver's possession even though a retention-title note had been taken by movants to secure the purchase-money." This charge stated a correct principle of law and was not error for the reason assigned. If an additional charge in this connection had been desired, it should have been specially requested.

■ The court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*