HORTMAN *et al. v.* VISSAGE, administrator.

GRICE, Justice. 1. When an administrator sues for land, he makes out a prima facie case for its recovery upon proof that his intestate died seized thereof, and that the estate owes debts, which makes it necessary for the personal representative to administer the land for the payment thereof, the administrator having obtained leave to sell the same.

2. Such prima facie case, the suit being against the heirs at law of a deceased son of the intestate, is not overcome by evidence that the deceased son had made declarations that in his lifetime there had been between the heirs a division in kind of the lands formerly owned by the intestate, and that the portion sued for had by such division been set apart to him.

3. The children of said deceased son, in a suit by such administrator, are not entitled to receive credits for permanent improvements placed by them on such portion of said land while in possession after the death of the intestate, and claiming the right thereto only by virtue of an agreement to divide in kind the realty, the only evidence of their right to the possession being proof of the declarations above referred to.

4. The ground of the motion that the judge permitted the husband of a witness to stand by the latter and hold her hand when she was testifying, in view of the recitals in the motion and the record as a whole, is not cause for reversal.

5. The testimony of certain persons, heirs of the deceased, that if there had been any such division as claimed they would have heard about it, and that they never had, was negative in character; and even if its admission were erroneous, it could not have affected the result.

6. The verdict being demanded by the evidence, the ruling of the judge in directing the jury so to find, and in refusing a new trial, will not be reversed.                    *Judgment affirmed. All the Justices concur.*

No. 14055.   MARCH 11, 1942.

*Buford M. Mitchell* and *Homer Beeland,* for plaintiffs in error.
*W. J. Wallace* and *J. M. Hancock,* contra.