## 35633. SITTON *v.* CAMP.

DECIDED APRIL 18, 1955.

*Archibald A. Farrar,* for plaintiff in error.
*Robert Edward Surles,* contra.

TOWNSEND, J. The petition alleges in substance that the plaintiff, together with his wife, a passenger in a 1946 Pontiac automobile operated by himself, was traveling north on the right-hand side of State Highway 114, a through highway; and that, as he approached the intersection of this highway with the Berryton Public Road, he entered the intersection at a reduced and moderate rate of speed; that the defendant, proceeding easterly on the Berryton road, failed to stop at the intersection, "designated as a stop intersection by proper authorities and plainly marked by a STOP sign," and failed to yield the right of way to an automobile approaching on his right, but "drove a Ford automobile into the path of plaintiff's automobile as aforesaid suddenly, abruptly and without warning when plaintiff's automobile had approached to within 20 to 25 feet of him so that plaintiff, who immediately applied his brakes, could not in the exercise of reasonable care avoid striking and colliding with the automobile driven by defendant."

The defendant's Ford was making a left turn into the highway, and the plaintiff's car collided with it, the points of impact being the entire front end of the plaintiff's car and the right side of the defendant's car at the location of the right front door. The collision took place on the plaintiff's side of the highway. While the petition alleges in one place that the plaintiff had entered the intersection before the defendant did so, it is elsewhere alleged that the plaintiff and defendant entered the intersection at the same time, which allegation, being the one most adverse to the plaintiff's position, will be taken as true. Nevertheless, under the new Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov.-Dec. Sess., p. 556 et seq.; Code, Ann. Supp., § 68-1652 (a)), the defendant was guilty of negligence per se under the allegations of the petition in failing to stop in obedience to a stop sign and then to proceed cautiously, "yielding to vehicles not so obliged to stop which are within the intersection *or approaching so closely as to constitute an immediate hazard."* (Emphasis added.) Negligence per se is also alleged, in that the defendant failed to observe the provisions of Code (Ann. Supp.) § 68-1650 (b) relative to failing to yield the right of way to an automobile approaching from the right; the provisions of Code (Ann. Supp.) § 68-1665 (c) relative to stopping

at intersections marked by stop signs; the provisions of Code (Ann. Supp.) § 68-1647 (a) relative to signaling a left turn, and the provisions of Code (Ann. Supp.) § 68-1644 (b) relative to the manner in which a left turn shall be made. Certain acts of negligence other than negligence per se are also alleged, and none of these is challenged by special demurrer.

In *Richardson* v. *Coker*, 78 *Ga. App.* 209, 213 (50 S. E. 2d 781), it is stated: "The requirement is that the vehicle approaching a boulevard or through thoroughfare shall be brought to a complete stop whether day or night, rainy or fair, whether there are many vehicles proceeding along the boulevard or none at all, so that if there are vehicles approaching on the boulevard, the driver of the vehicle approaching the boulevard may exercise his judgment while standing still, and calmly and deliberately, and not 'on the run'. If one approaching a boulevard stop sign could ignore the sign and undertake to use his judgment as to whether he should stop or not, and be relieved of the duty to stop because his judgment dictated that he could safely proceed without stopping, the requirement to stop would be a futile, useless gesture." A driver having a right of way cannot blindly drive into and across an intersection without regard to conditions and consequences, but he has the right to assume and act on the assumption that drivers of cars approaching the thoroughfare on which he is traveling will yield the right of way. *Eddleman* v. *Askew*, 50 *Ga. App.* 540 (3) (179 S. E. 247). "Questions as to negligence and contributory negligence are, except in plain and indisputable cases, for the determination of the jury, and where the allegations of the petition do not, even when construed against the pleader, demand the conclusion that the plaintiff's own negligence so preponderated as to preclude a recovery . . . , this issue should be left for determination by a jury." *Shattles* v. *Blanchard*, 87 *Ga. App.* 15 (2) (73 S. E. 2d 112). Nothing contained in the cases of *State Highway Dept.* v. *Stephens*, 46 *Ga. App.* 359 (167 S. E. 788), or *Fraser* v. *Hunter*, 42 *Ga. App.* 329 (156 S. E. 268), cited by counsel for the plaintiff in error—both of which cases have to do with collisions by plaintiffs with parked automobiles—is contrary to what is here held. The trial court properly overruled the general demurrer to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*