41618. ATLANTA CAR FOR HIRE ASSOCIATION et al. v. WARE.

ARGUED NOVEMBER 1, 1965—DECIDED NOVEMBER 18, 1965.

*Atkins & Atkins, Ben S. Atkins*, for appellants.
*George B. Hooks*, for appellee.

DEEN, Judge. ■ The testimony of Mrs. Ware was to the effect that she was proceeding south on Ashby Street in the City of Atlanta in the early morning, all automobiles involved having lights on, and as she approached the intersection of Ashby and Neal Streets, having the right of way, an automobile parked on the opposite side of Ashby Street facing north pulled out from a parallel parking position angling toward her in such manner that the lights momentarily blinded her view of the intersection. She pulled to the extreme right and entered the intersection, traveling at 28 miles per hour which was a permissible speed. She then saw the defendant's taxi for the first time directly in front of her, proceeding west, the front of the taxi being just at the point of entry between the intersection and the west side of Neal Street. She hit the side of the taxi back of the right rear wheel. Brooks had crossed Neal Street but she was unable to say whether or not he had stopped at the stop sign facing Ashby from Neal, and whether or not he was traveling at an unlawful rate of speed. Brooks testified that he did stop at the stop sign, that he saw the Ware car about a block down the street, and that as he crossed the intersection she pulled her car to the right curb, entered the intersection, and hit the rear of his car; had she not pulled to the right he would have cleared the intersection without being hit. He did not know at what speed she was traveling.

The evidence was sufficient to present a jury question as to whether the defendant was guilty of a violation of *Code Ann.* § 68-1652 in failing to yield the right of way to another automobile having the right of way and so close to the intersection as to constitute an immediate hazard. The plaintiff was violating no traffic law and therefore had the right to anticipate that other vehicles would also obey the laws. *Eddleman v. Askew,* 50 Ga. App. 540 (179 SE 247); *Sitton v. Camp,* 91 Ga. App. 870 (87 SE2d 430). She would not of course be justified in knowingly entering the intersection at a speed which would force her into collision with another automobile already occupying it as this would be a failure to exercise ordinary care for her own safety, but the plaintiff alleged and proved that as she approached the crossing the station wagon parked facing her car across the street and one car length from the intersection angled into the road, temporarily blinding her with its lights and also forcing her as far as possible toward the right curb. Such explanation, if accepted by the jury, showed an emergency situation relieving her from negligence in failing to see the defendant's automobile in time to stop her own car short of the intersection. If she had had the last clear chance to avoid the collision, but had failed to exercise it, a different situation would be presented.

▊ In *Styles v. Dennard,* 97 Ga. App. 635 (1) (104 SE2d 258), a case also involving an Atlanta cab stand and the Atlanta Car for Hire Association, Inc., it was stated: "Where a number of individuals, each licensed to own and operate a taxicab individually or by an employee, jointly make use of the same trade name but each conducts his separate business and pays a fixed sum for the use of a cab stand, telephone facilities, and employee in charge of the same, nothing more appearing, such persons are not joint venturers or partners so as to charge one with the torts of another." Brooks testified here that he was the manager of Gordon Street Car for Hire, a cab stand, and collected $6.00 per week from each taxi driver using the telephone and radio facilities of the cab stand to pay its expenses, that each taxi driver owned his own automobile, and that no one not a member of the defendant Atlanta Car for Hire Association

and paying dues to it could use the facilities. The case is therefore controlled by *Styles*, supra.

Brooks' testimony that he was "employed" by Gordon Street Car for Hire (which was apparently a trade name of Atlanta Car for Hire, Inc., since it does not appear that it was a person, firm, or corporation) is consonant with this conclusion, for Brooks acted as manager of the Gordon Street outfit. Atlanta Car for Hire, Inc. had no license or franchise to engage in the taxicab business, and as to Brooks' activities as a taxi driver he was an independent contractor and not an employee. Under these facts no judgment could legally be rendered against Gordon Street Car for Hire or Atlanta Car for Hire Association, Inc.

■ Upon the trial the following colloquy occurred: "Q. What do they do for you—Atlanta Car for Hire; what do you get for your dues? A. [Brooks]: Well, we don't get anything for our dues. That's the—we pay dues and so much a month and we have to put up a bond to drive. Q. But Atlanta Car for Hire don't do anything for you for the dues you pay to them? A. Well, if I understand you when we put up the bond that's. . . Q. Dues pay the bond? That what your dues do—pay the premium on the bond? A. Well, we puts up a bond—$250 bond so if we have an accident. That's what that's for—the bond. Q. How about if you get hurt, yourself; you get any benefits out of it, yourself, if you are hurt?" At this point counsel for the defendants objected to "what benefits he gets out of it," and added: "I will say it in the presence of the jury, [it has] been held on numerous occasions you can't mention anything about insurance. This is what he's trying to get at—the insurance."

The inference from this statement is interesting, for while it is frequently held that the *plaintiff* may not show the defendant is indemnified against loss in the event of a recovery by the plaintiff (*Goldstein v. Johnson*, 64 Ga. App. 31, 12 SE2d 92, and citations), in this case the defendant's counsel was the one who limned the issue. The question related not to indemnity but to accident benefits. That the defendant is a corporation is admitted; that it is authorized to engage in the insurance business does not appear from this record. The witness answered the

question merely by stating that he received no benefits. It thus appears that nothing, excepting only the statement of appellant's counsel, brings the issue of insurance into focus, and it was accordingly not error to overrule the objection.

The judgment of the trial court is affirmed as to the defendant, Brooks. Judgment reversed as to Atlanta Car for Hire Assn., Inc. and Gordon Street Car for Hire.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Jordan, J., concur.*