41930.   CLARK v. ATLANTA VETERANS
TRANSPORTATION, INC.

SUBMITTED APRIL 4, 1966—DECIDED APRIL 25, 1966.

532

*Wotton, Long, Jones & Read, R. Beverly Irwin, Calhoun A. Long,* for appellant.

*Hansell, Post, Brandon & Dorsey, C. Edward Hansell, Gary W. Hatch,* for appellee.

EBERHARDT, Judge. ■ We affirm. The basis of the motion for judgment notwithstanding the verdict was that the plaintiff had utterly failed to prove the agency of the driver of the cab. It is to be noted that every allegation in the petition by which his agency was asserted was expressly denied, and ownership of the vehicle by the defendant was denied.

There was no proof of the ownership of the vehicle, and no proof that it bore the vehicle license plate as alleged or any license plate issued to the defendant. There was no proof that the driver, Downing, was in any way employed by the defendant,

that he received any remuneration from it, or that he was subject to its control or direction in the operation of the cab. There was proof only that the cab was lettered "Checker Cab" and that the driver had, at the scene of the collision, given plaintiff a card bearing his name, the number of the cab and the telephone number for Veterans Cab. Was this, together with the admission that the defendant does business as Checker Cab Company and Veterans Cab Company, sufficient to make prima facie proof of agency? We think not.

"Proof of the fact that a locomotive engine had written on it the words 'Southern Railway Company,' unsupported by any other fact, was insufficient to authorize the inference that it was owned by the Southern Railway Company, and that it was being operated at the time of the injury by employees of the Southern Railway Company engaged in its business." *Southern R. Co. v. Hullender,* 62 Ga. App. 274 (8 SE2d 674). Thus evidence that the cab had the name "Checker Cab" lettered on it was not proof of ownership of the vehicle or of agency on the part of the driver.

If there had been proof of *ownership* of the vehicle by the defendant there may have been sufficient circumstances to raise a jury question as to the driver's agency, i.e., the fact of admission by defendant that it did business as Checker Cab, that it was being used as a taxicab, and that plaintiff and her grandmother had been taken as paying passengers at the Terminal Station to be transported to the Greyhound Bus Station. But there was no proof of ownership, and since the defendant denied ownership, no inference of it can arise from the lettering on the vehicle. The operation may have been similar to that which appeared in *Styles v. Dennard,* 97 Ga. App. 635 (104 SE2d 258) or *Atlanta Car for Hire Assn., Inc. v. Ware,* 112 Ga. App. 668 (2) (145 SE2d 813). Indeed, it has been held, concerning an automobile, that "The possessor of personal property is presumed to be its owner, until the contrary appears." *Giles v. Citizens Ins. Co. of Mo.,* 32 Ga. App. 207 (122 SE 890). Downing was in possession and nothing appears to rebut the presumption.

Generally there are two circumstances to be proven in order to raise the necessary inference that the vehicle was being operated

in the master's business and within the scope of the employee's employment, viz., ownership of the vehicle by the master and that the driver was the owner's servant. *Perry v. Lott*, 38 Ga. App. 729 (145 SE 479); *Dawson Motor Co. v. Petty*, 53 Ga. App. 746 (186 SE 877).

If it be contended that the card delivered to plaintiff by the driver carrying his name, the cab number and the telephone number of Veterans Cab, a name under which defendant admitted doing business, is a declaration of agency on the part of the driver, it does not prove that fact, for agency cannot be proven by the mere declarations of the alleged agent, even when made *dum fervet opus*, whether spoken or written. *Horton v. Tway*, 43 Ga. App. 164 (158 SE 365); *Massillon Engine &c. Co. v. Akerman*, 110 Ga. 570 (35 SE 635). The rule applies to declarations standing alone even when they are a part of the res gestae. *Swint v. Milner Bkg. Co.*, 30 Ga. App. 733 (3) (119 SE 336). Circumstances, independently of and without regard to the declarations, sufficient to establish the agency may render the declarations admissible as a part of the res gestae. *Williams & Brother v. King Hardware Co.*, 25 Ga. App. 680 (104 SE 454). But, as we have observed, the circumstances needed in the type of situation here are ownership and employment, and these must first appear.

Plaintiff should have found no difficulty in proving ownership of the vehicle, or the employment of the driver if those were facts. Interrogatories to the defendant, discovery depositions or requests for admission should have brought the information. The driver might have been called to testify as to his employment by the defendant. *Friese v. Simpson & Harper*, 15 Ga. App. 786 (84 SE 219). Notices to produce payroll records, evidences of title and the like and other devices might suggest themselves readily, such as, for example, proof by the driver that proceeds from operation of the taxicab were turned over to the defendant. Cf. *Weiner Brothers v. Tucker*, 139 Ga. 596 (77 SE 811). But none of that was done.

The burden is upon the plaintiff to make out his case. It is not accomplished by failure of the defendant to disprove allegations of the petition. Until there is proof of the allegations by the plaintiff the defendant is under no duty to do anything.

We are not unmindful of the cases relied upon by appellant. We have examined the records in all of them. In *Barnum & Bailey Shows, Inc. v. Himmelweit*, 17 Ga. App. 85 (86 SE 96), there was testimony, unexcepted to, that the circus wagon running over the child's foot was "one of Barnum and Bailey's show wagons," and that it was, at the time of the injury, being used in the unloading of the circus from the train, and further testimony, unexcepted to, that the driver of the wagon was in the employ of Barnum & Bailey.

In *Minter v. Kent*, 62 Ga. App. 265 (8 SE2d 109), one of the defendants, who was in charge of one of its plants, testified that he knew of no one else who had a truck with the name of Clay Products Exchange lettered on it, that nobody had authority to do so, and that if trucks were on the road in the vicinity of the accident with that name on them they were the trucks of defendant. Another of the defendants testified that "There were no trucks around here with 'Clay Products Exchange' on them but our trucks."

In *Executive Committee of the Baptist Convention v. Ferguson*, 95 Ga. App. 393 (98 SE2d 50), reversed on other grounds in 213 Ga. 441 (99 SE2d 150), plaintiff was a patient in a hospital the ownership of which was admitted in defendant's answer, and the nurse whose negligence was alleged to have been the cause of plaintiff's injury was in uniform, going to the rooms of patients, including that of plaintiff, with the attending physician and performing services for the patients. Defendant also admitted that plaintiff had been directed to his room in the hospital by its regularly employed nurses in charge and told to go to bed.

In *King v. Towns*, 102 Ga. App. 895 (118 SE2d 121) the agent who was alleged to have committed the fraud upon plaintiff in the sale of the cookware to her was called by plaintiff as a witness and testified: "Q. Are you employed by King Sales Company, Inc.? A. Yes, sir. Q. And for how long? A. Ever since they've been in business, '54 or '55."

In *Equitable Credit Corp. v. Johnson*, 86 Ga. App. 844 (72 SE2d 816) the contention of the defendant was that the alleged agent had not been in its employ "during 1947 and until the last of May, 1948." That contention was supported by defendant's

evidence, but it is asserted in the opinion that "There was evidence to the contrary by other witnesses, and this conflict was for the determination of the jury . . ."

In *Larkins v. Boyd*, 205 Ga. 69 (52 SE2d 307) there was an agreement between the parties whereby defendant handled plaintiff's rental property, under which the relationship of principal and agent arose, and the principal alleged that the agent had committed a gross fraud against her in the handling of the property, allowing it to be sold for taxes and buying it in for himself at the sale. The defenses interposed were laches, the statute of limitations, the statute of frauds and lack of consideration in the contract between the parties.

None of these cases authorizes a different result.

Other enumerations of error are not argued in the brief and are abandoned.

Comb the record as we may, it is simply devoid of proof of the existence of the agency, and on that basis the judgment of the trial court must be

*Affirmed. Bell, P. J., and Jordan, J., concur.*