## 44310. ENGLISH v. YELLOW CAB COMPANY.

SUBMITTED MARCH 3, 1969—DECIDED APRIL 25, 1969—
REHEARING DENIED JUNE 19, 1969.

*Joe R. Edwards, J. Richmond Garland, M. T. Hartman, III,* for appellant.

*Hansell, Post, Brandon & Dorsey, Jule W. Felton, Jr.,* for appellee.

PANNELL, Judge. Peggy English brought a complaint against the Yellow Cab Company of Atlanta, a corporation, with its principal office and place of business in the City of Atlanta, Fulton County, Ga., claiming damages for injuries sustained when she was attempting to alight from one of the defendant's taxicabs. The material allegations of the complaint were denied, raising an issue as to whether the taxicab involved was owned by the defendant company and whether the driver thereof was an agent or servant of the defendant company acting within the scope of his employment. Upon the trial of the case (by stipulation of the parties as to what he would testify) it appeared that the plaintiff's employer called the Yellow Cab Company for a cab to come to the place of plaintiff's employment which the evidence shows was at 5 Pine Street or the corner of West Peachtree Street and Pine Street for the plaintiff and a friend. Within five or ten minutes, the taxicab in question, painted yellow, with a sign in black painted on the sides "Yellow Cab" appeared, and plaintiff and her co-employee entered. When the cab arrived at the plaintiff's home at 120 Main Street, N. W., she received injuries while alighting therefrom, due to the unexpected movement of the cab, and failed to get the name of the driver or the number of the cab, but did pay her fare. On direct examination, while being questioned about the occasion at issue, the following question was asked and answer given by

the complainant: "Question: In whose taxicab did you ride? Answer: It was the Yellow Cab Company." This evidence, unobjected to, was sufficient to authorize a finding by the jury that the cab belonged to the defendant. The fact that the full name, Yellow Cab Company of Atlanta, was not given would not preclude such authorized finding, particularly when coupled with the fact that a cab with the name "Yellow Cab" thereon appeared at a location, designated in a telephone request by the plaintiff's employer to the Yellow Cab Company for a cab (see in this connection *Barnum & Bailey Shows v. Himmelweit,* 17 Ga. App. 85 (86 SE 96), where the testimony referred to a wagon belonging to "Barnum & Bailey"), and this evidence is sufficient to authorize a jury to find that the driver was an agent or servant of the defendant, designated by it to perform the transportation service requested by telephone. Evidence is prima facie sufficient which shows the probability of the fact necessary to be proved. To be sufficient, it must be such that a reasonable man could infer from it the particular fact to be proved. *Hortman v. Vissage,* 193 Ga. 596 (2, 6) (19 SE2d 523); *Morgan's, Inc. v. Mons,* 79 Ga. App. 525 (54 SE2d 498); *Smith v. Patterson,* 82 Ga. App. 595 (61 SE2d 679). In our opinion, the evidence was sufficient to make a prima facie showing that the taxicab belonged to the defendant and was driven and operated on the occasion in question by its servant and agent acting within the scope of his authority. There is nothing herein ruled in conflict with what was ruled in *Southern R. Co. v. Hullender,* 62 Ga. App. 274 (8 SE2d 674) and *Clark v. Atlanta Veterans Transportation,* 113 Ga. App. 531 (148 SE2d 921). In the *Southern R. Co.* case, the holding was that "[p]roof of the fact that a locomotive engine had written on it the words 'Southern Railway Company,' *unsupported by any other fact,* was insufficient to authorize the inference that it was owned by the Southern Railway Company, and that it was being operated at the time of the injury by employees of the Southern Railway Company engaged in its business." (Emphasis supplied.) Not only were there no other supporting facts in that case, but there was undisputed evidence from the defendant to the contrary. In the *Clark* case, the plaintiff hailed a taxicab at a railroad station.

The cab bore a name which was used by the defendant company and the driver gave the plaintiff a card bearing his name, the cab number, and the telephone number of the defendant. This case was comparable to the *Southern R. Co.* case. While four members of this court have expressed doubt as to the correctness of the decision in the *Clark* case, it is distinguishable on its facts from the present case. The present case shows a telephone request was made to the Yellow Cab Company for a taxi at a particular spot, and that a taxicab bearing the name "Yellow Cab" shortly thereafter appeared and took the passengers awaiting the called cab. In our opinion, this evidence, coupled with the testimony of the plaintiff that the cab belonged to the Yellow Cab Company, amply shows the probability of the facts necessary to be proved and that a reasonable man could infer from it that the cab belonged to the defendant Yellow Cab Company of Atlanta and the person driving it was the servant or agent of the defendant and was acting within the scope of his employment at the time of plaintiff's injury. Cf. *Yellow Cab Co. v. Nelson,* 35 Ga. App. 694 (134 SE 822). The evidence was sufficient to show the negligence of the driver and injury to the plaintiff resulting therefrom. Accordingly, the trial court erred in directing a verdict for the defendant at the close of the plaintiff's evidence.

*Judgment reversed. Bell, P. J., Jordan, P. J., Hall, Deen and Whitman, JJ., concur. Eberhardt and Quillian, JJ., dissent. Felton, C. J., not participating.*

QUILLIAN, Judge, dissenting. In my opinion the case sub judice is controlled by *Clark v. Atlanta Veterans Transportation,* 113 Ga. App. 531, supra, and the direction of the verdict should be affirmed. In this case as in the *Clark* case the evidence was not sufficient to prove that the cab was the property of the defendant, which, under the facts, is a necessary element in the circumstantial proof of agency.

I am authorized to state that Judge Eberhardt concurs in this dissent.