John Ruben **HARDY**

v.

The **UNITED STATES** of America.

John Ruben **HARDY**, by his next friend John Ruben Hardy,

v.

The **UNITED STATES** of America.

**Civ. A. Nos. 11953, 11954.**

United States District Court
N. D. Georgia,
Atlanta Division.

June 9, 1969.

---

Ingram & Flournoy, Robert E. Flournoy, Jr., Marietta, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for defendant.

### ORDER

EDENFIELD, District Judge.

These actions for damages under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671–80) arose out of injuries received when a motor vehicle owned by defendant collided with a motorcycle driven by Plaintiff John Robert Hardy, a minor. The undisputed facts show that the driver of the Government's motor vehicle, Airman Kenneth J. Wahl, was employed by the Government as "Charge of Quarters" during his off-duty hours, working every other day from about 4:00 P.M. until about 7:00 A.M. the following morning, that the employee had permission to use the motor vehicle in performance of his duties as CQ but was specifically forbidden to do so for personal business; that he was on duty as CQ at the time of the collision; that there was no on-base eating facility after about 7:00 P.M.; that at approximately 11:00 P.M. on the night in question Airman Wahl drove the government-owned vehicle from the BOQ where he worked to an off-base eating establishment; and that the accident which gave rise to this suit occurred while he was away from the base for this meal. The case is before the court on defendant's motion for summary judgment.

■ The Government contends that the facts show that Airman Wahl was not acting pursuant to his employer's business at the time of the accident and that therefore there is no material issue of fact. The court concludes, however, that whether Airman Wahl's trip was a purely personal one, or whether it was within the scope of his employment, is a question of fact to be determined after trial.

■■ It consistently has been recognized by the appellate courts that while the *fact* of employment is determined under federal law, the scope of the employment is determined according to state law.[1] Furthermore, where (as here) the facts show that the defendant owned the motor vehicle which injured the plaintiff, and that the driver was defendant's employee, Georgia law provides that absent undisputed evidence to the contrary a presumption arises that the employee was acting within the scope of his employment.[2] The CQ was admittedly on duty at the time of the accident, and

1. See, e. g., Bissell v. McElligott, 369 F.2d 115 (8th Cir. 1966), cert. denied, 387 U.S. 917, 87 S.Ct. 2029, 18 L.Ed.2d 969 (1967); Williams v. United States, 352 F.2d 477 (5th Cir. 1965); Pattno v. United States, 311 F.2d 604 (10th Cir. 1962), cert. denied, 373 U.S. 911, 83 S.Ct. 1300, 10 L.Ed.2d 412 (1963).

2. Clark v. Atlanta Veterans Transp., Inc., 113 Ga.App. 531, 534, 148 S.E.2d 921 (1966); Dawson Motor Co. v. Petty, 53 Ga.App. 746, 749, 186 S.E. 877 (1936).

it is at least arguable that his use of the Government's motor vehicle was in furtherance of the employer's interest in that he thereby would be able to leave his post unattended for a shorter period of time. It therefore cannot be said as a matter of law that Airman Wahl was outside the scope of his employment; and

Accordingly, the motion for summary judgment is denied.