## 48885. RED TOP CAB COMPANY, INC. v. HYDER.

QUILLIAN, Judge. The appellee filed a claim against the appellant for damages which the appellee sustained as the result of an automobile collision. The petition alleged that James Wilson negligently drove an automobile into the rear of the appellee's automobile and that Wilson was an employee of the appellant at the time of the collision and that Wilson was acting within the scope of his employment. The appellant filed a motion for summary judgment which was denied and the case is here for review. *Held:*

The appellant filed an affidavit which stated that Wilson was in effect an independent contractor. While the affidavit stated that the appellant owned the automobile Wilson was driving at the time of the collision, it further stated that the automobile was leased for a specific amount per day to Wilson and that the appellant had no control over Wilson's operation of the automobile. The affidavit also stated that while the appellant relayed telephone messages to the drivers of the taxis when someone called for a taxi, it had no control as to whether the driver of the taxi picked up the person who called in. The affidavit also stated that appellant did not participate in the profits or losses of the taxi drivers.

Under that which was held in *Clark v. Veterans Transportation,* 113 Ga. App. 531 (148 SE2d 921), we are constrained to hold that the overruling of the appellant's motion for a summary judgment was error. In the *Clark* case, it was held the fact that the cab in which the plaintiff was riding had "Checker Cab" lettered on it was not sufficient to prove that the plaintiff owned the taxi nor that the driver was the defendant's agent. In the present case the appellant admitted ownership of the taxi, but there was uncontradicted evidence that the vehicle was leased by the day to Wilson and that the appellant had no control over its operation. While it is true that proof that the appellant owned the taxi would have raised a presumption that Wilson was its agent, however, the uncontradicted evidence that the taxi was leased to Wilson rebutted the inference which disappeared upon proof of the uncontradicted evidence to the contrary.

" 'The general theory of these cases is that the presumption or the inference is not evidence, but serves in the place of evidence until evidence to the contrary is adduced. It is created merely for purposes of administrative convenience, to be resorted to in the

absence of evidence, to require the party most likely to have in his possession or knowledge the evidence of the real facts in issue, to produce such evidence in the first instance; that when such evidence is produced as to the real facts, there remains no warrant to keep the presumption in the case and that in such case it disappears, and does not create a conflict with the defendant's evidence so as to require its submission to the jury on the theory of conflict in the evidence; that in such event the plaintiff must introduce independent evidence to create a conflict with the evidence of the defendant to require its submission to the jury.' 5 ALR2d 204. See also, *Atlantic C. L. R. Co. v. Drake,* 21 Ga. App. 81 (4) (94 SE 65); *Central of Ga. R. Co. v. Pitts & Espy,* 16 Ga. App. 314 (85 SE 285). . . Furthermore, 'It is a well-established principle of substantive law that circumstantial evidence has no probative value in establishing a fact where such evidence is consistent with direct and unimpeached evidence showing the non-existence of such a fact.' *Allgood v. Dalton Brick &c. Corp.,* 81 Ga. App. 189, 194 (58 SE2d 522); *Frazier v. Ga. R. & Bkg. Co.,* 108 Ga. 807 (33 SE 996); *Myers v. Phillips,* 197 Ga. 536, 542 (29 SE2d 700)." *Blount v. Sutton,* 114 Ga. App. 767, 769, 770 (152 SE2d 777). In the present case while it was shown that the appellant owned the taxi, this would not create any agency relationship where the vehicle was leased to Wilson over whom the appellant had no control.

The fact that the appellant relayed messages when someone called in for a taxi would not alone be sufficient to establish that Wilson was the appellant's agent. *Atlanta Car for Hire Assn. v. Ware,* 112 Ga. App. 668 (145 SE2d 813).

The case sub judice is distinguishable from *English v. Yellow Cab Co.,* 119 Ga. App. 828 (168 SE2d 920), because in the *English* case it was shown that the defendant owned the taxi in which the plaintiff was riding and no lease agreement was proven as in this case.

While in the writer's opinion a corporation which allows taxis to be used which carry the name of the corporation should be liable for the negligent acts of the taxi drivers, this is a problem which must be directed to the legislative branch of government.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

SUBMITTED JANUARY 7, 1974 — DECIDED FEBRUARY 12, 1974.

*Martin, Skinner, Adkins & Horton, Russell L. Adkins, Jr.,* for appellant.

*Lewis, Lewis, Spearman & Bynum, George L. Pope, Jr.,* for appellee.