D<small>ECIDED</small> N<small>OVEMBER</small> 23, 1982.

*Brian A. Boyle, Robert C. Semler,* for appellant.
*Donald G. Loggins,* for appellee.

64497. HARPER et al. v. SAMPLES et al.

S<small>OGNIER</small>, Judge.

Samples sued Harper and University Cab Company, Inc., doing business as Yellow Cab Company of Atlanta, for personal injuries arising out of a collision between a motorcycle operated by Samples and a taxicab driven by Harper. Samples' father also sued for recovery of medical expenses and loss of services of his minor son. The jury returned a verdict in favor of Samples and his father. The trial court denied appellants' motion for a new trial and they appeal.

1. Appellant University Cab contends that the trial court erred by denying its motion for a directed verdict, made at the close of appellees' case, because appellees produced no evidence to establish an agency relationship between the driver, Harper, and University Cab.

Samples testified that he did not see what kind of car collided with his motorcycle. The investigating police officer testified that the car involved was a Yellow Cab Company vehicle with decals showing the name "Yellow Cab Company" affixed to the doors on both sides, and that the driver stated that he worked for Yellow Cab Company and that Yellow Cab owned the vehicle. The police officer also testified that he requested the driver to call his supervisor over the taxicab radio, and that a person identifying himself as a supervisor for Yellow Cab subsequently arrived at the accident scene. The supervisor acknowledged that the taxicab involved was owned by Yellow Cab, and confirmed that he had come in response to a call from the driver. Appellees presented no other evidence on the issue of agency.

Although appellees urge that agency is conclusively established by appellants' responses to appellees' interrogatories and requests for admissions, we cannot consider admissions contained therein as evidence, since the interrogatories and admissions were not introduced in evidence at trial. *Nat. Bank of Ga. v. Hill,* 148 Ga. App. 688 (1) (252 SE2d 192) (1979); *Fender v. Colonial Stores,* 138 Ga. App.

31, 37 (2) (225 SE2d 691) (1976); *Forsyth v. Peoples, Inc. of Rome,* 114 Ga. App. 726, 727-728 (152 SE2d 713) (1966).

Nevertheless, the police officer's testimony was sufficient to raise the inference that Yellow Cab owned the taxicab and that it was being operated by an employee of Yellow Cab acting within the scope of his employment. Standing alone, the testimony identifying the vehicle as a Yellow Cab was insufficient to raise the inference of agency. *Studstill v. American Oil Co.,* 139 Ga. App. 54, 55 (228 SE2d 8) (1976); *Clark v. Atlanta Veterans Transp.,* 113 Ga. App. 531, 533 (148 SE2d 921) (1966); *Southern R. Co. v. Hullender,* 62 Ga. App. 274, 278 (8 SE2d 674) (1940). However, such evidence, coupled with the evidence that a Yellow Cab Company supervisor came to the scene in response to the driver's radio call, was sufficient to authorize the jury to find that the cab belonged to Yellow Cab Company and that the driver was an employee of Yellow Cab acting within the scope of his employment at the time of the collision. See *English v. Yellow Cab Co.,* 119 Ga. App. 828, 830 (168 SE2d 920) (1969). See also *Lunsford v. Carden,* 64 Ga. App. 349, 351(1) (13 SE2d 192) (1941). The evidence of the acts taken by the employer and owner, Yellow Cab, distinguish the facts of this case from those of *Clark,* 113 Ga. App. 531, supra, relied upon by appellants.

University Cab contends, however, that appellees failed to establish the connection between Yellow Cab Company and the Georgia corporation, University Cab Company, Inc., against which this action was brought. Appellees submitted no evidence when they put on their case to establish such a connection. However, the relationship between Yellow Cab Company and University Cab Company is sufficiently proven elsewhere. The first paragraph of appellees' complaint reads in pertinent part as follows: "The Plaintiffs herein . . . bring this Complaint for Damages against HARPER J. HAROLD [i.e., Harper], . . . and UNIVERSITY CAB COMPANY, d/b/a YELLOW CAB COMPANY OF ATLANTA, a Georgia Corporation, having an office, agent and place of doing business at 55 Milton Avenue S.E., Atlanta, Fulton County, Georgia ,. . ." To this paragraph University answered that it was without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein.

"An answer is evasive when it refuses either to admit or deny a matter as to which the defendant is necessarily presumed to have knowledge. [Cit.]" *Wood v. Noland Credit Co.,* 113 Ga. App. 749, 750 (3) (149 SE2d 720) (1966). Whether or not University Cab is a Georgia corporation is a matter that is plainly within its own knowledge. University Cab is also presumed to know whether it has an office, agent and place of doing business at the address and in the county

shown and whether it does business under the trade name, Yellow Cab Company of Atlanta. Hence, University Cab's evasive answer will be treated as an admission that it is a Georgia corporation doing business as Yellow Cab Company. *Mica-Top Fixture Co., v. Frank G. Shattuck Co.,* 124 Ga. App. 100, 101 (2) (183 SE2d 15) (1971); *Wood,* 113 Ga. App. at 750 (3), supra.

"In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the 'any evidence' test. [Cits.] There being evidence supportive of [appellees'] contentions, the trial court did not err in denying [University Cab's] motion for a directed verdict." *Speir v. Williams,* 146 Ga. App. 880, 881 (247 SE2d 549) (1978).

2. University Cab also contends that the trial court should have granted its motion for new trial for the same reasons it urges that the trial court should have directed the verdict in its favor. We disagree. As discussed in Division 1 above, appellees presented sufficient evidence to submit the issue of agency to the jury. This evidence was supplemented by the testimony of the driver when appellants put on their case. Harper stated during cross-examination that he was responding to a radio dispatch call to go pick up a passenger at the time of the collision. As the evidence was sufficient to support the verdict, the trial court did not err in overruling the motion for new trial. See *Mayor &c. of Athens v. Gregory,* 231 Ga. 710, 716 (8) (203 SE2d 507) (1974).

3. Appellants contend that the trial court erred in admitting, over objection, a copy of a traffic court record of the driver, Harper, showing an adjudication of guilty. Appellees assert that the traffic court record is only a plea of guilty. However, the exhibit in the record clearly reads as appellants claim, and it was error to admit it into evidence. *Padgett v. Williams,* 82 Ga. App. 509, 513 (3) (61 SE2d 676) (1950). See also *Continental Cas. Co. v. Parker,* 161 Ga. App. 614, 617 (288 SE2d 776) (1982); *Cobb v. Garner,* 158 Ga. App. 110, 112 (2) (279 SE2d 280) (1981). Nevertheless, the error was harmless because the fact of the conviction was subsequently elicited from Harper on cross-examination without objection. Harper explained that he had never intended to file a guilty plea, and had "appeared" in City Court of Atlanta only to request that the case be continued. "I was told the lawyer was busy that day and couldn't come to court. He [the judge] said, well, we're going to try it anyway. So, this lady [witness to the accident] told her story. He fined me —"

"The admission of evidence over objection . . ., even if erroneous, will not be cause for reversal since thereafter the same or substantially the same evidence was admitted without objection." *Clemones v. Alabama Power Co.,* 107 Ga. App. 489(1) (130 SE2d 600)

(1963). See also *Brown v. State,* 129 Ga. App. 152, 153 (3) (198 SE2d 909) (1973).

4. Appellants contend that the trial court erred in admitting, over objection, evidence of medical expenses for treatment of Samples' pneumonia because no foundation was laid to show that these expenses were related to the injuries received in the collision.

Based on our review of the testimony and exhibits, we hold that there was sufficient testimonial foundation to satisfy the requisites of Code Ann. § 38-706.1 (now OCGA § 24-7-9) for admission of evidence of the medical expenses in question. Samples testified without objection that while hospitalized after the collision, he received chest x-rays not only due to his shoulder injury but also because he developed pneumonia. His parents, who were responsibile for his care, identified the medical bills and testified that the expenses were incurred for treatment of the injuries resulting from the accident. "[A]ppellant's counsel in cross examination asked no questions concerning the amount of the medical expenses or their relation to the injuries sustained, as he had the right to do. . . . [T]he evidence was sufficent to authorize the jury to find that the expense was related to the injuries." *Glennville Wood Preserving Co. v. Riddlespur,* 156 Ga. App. 578, 581 (4) (276 SE2d 248) (1980). See also *Atlanta Transit System v. Smith,* 141 Ga. App. 87 (1) (232 SE2d 580) (1977); *Atlanta Transit System v. Nowell,* 138 Ga. App. 443, 444 (226 SE2d 286) (1976).

5, 6. Appellants' remaining enumerations of error pertain to the jury charges given by the trial court. We need not consider the enumeration concerning the instruction addressing the theory of respondeat superior as counsel for appellants made no objection to it, although given the opportunity to do so. Code Ann. § 70-207(a) (now OCGA § 5-5-24(a)); *G.E.C. Corp. v. Levy,* 126 Ga. App. 604, 610 (9a) (191 SE2d 461) (1972).

University Cab contends that the trial court erred in failing to give its requested charge that "the employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and it is not subjected to the immediate direction and control of the employer." Appellant argues that the requested charge was more concise than that given and would have been more effective in informing the jury of the applicable standard. Our review of the instructions actually given shows that the court substantially covered the same principle as that contained in the requested charge. See *Seaboard C. L. R. Co. v. Davis,* 139 Ga. App. 138, 139(2) (227 SE2d 915) (1976). "There is presently no requirement in this State that the court instruct in the exact language of a request, even though the request may be correct as an

abstract principle of law which is directly applicable to a material issue." *Seagraves v. ABCO Mfg. Co.,* 121 Ga. App. 224, 226 (3) (173 SE2d 416) (1970). Accord, *Hardwick v. Price,* 114 Ga. App. 817, 821 (3) (152 SE2d 905) (1966). "Moreover, where the charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. [Cit.]" *Johnston v. Woody,* 148 Ga. App. 152, 155 (3) (250 SE2d 873) (1978). The trial court did not err in failing to give the requested charge.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 23, 1982.

*Sidney L. Moore,* for appellants.
*E. Lynn Mitchell, Paul Knight, Jr.,* for appellees.