72128. ATLANTA CAR FOR HIRE ASSOCIATION, INC. et al.
v. WHITED.
(348 SE2d 102)

McMURRAY, Presiding Judge.

The plaintiff brought this action to recover damages in a two-count complaint for injuries he allegedly sustained while riding as a passenger in a taxicab which was driven by Larry D. Parker (Parker). In Count 1 of the complaint, the plaintiff sought damages against Parker for alleged negligent operation of the taxi. The plaintiff joined City Wide Cab Company ("City Wide Cab") and Atlanta Car for Hire Association, Inc. ("Atlanta Car") as party defendants under Count 1 of the complaint based on the doctrine of respondeat superior. (The plaintiff alleged that City Wide Cab and Atlanta Car are jointly liable because they were participating in a joint venture, operating the taxicab company.) In Count 2 of the complaint, the plaintiff alleged that Atlanta Car was the "self-insurer" for City Wide Cab and is responsible for damages for failure to pay his claim under the "Georgia Motor Vehicle Accident Reparations Act." See OCGA § 33-34-1 et seq. Defendants filed an answer denying the material allegations of the complaint and, simultaneously, Atlanta Car and City Wide Cab filed a motion for separate trials as to each count of the complaint. The trial court denied this motion and on November 9, 1982, Atlanta Car and City Wide Cab filed a motion for summary judgment alleging that they were entitled to judgment as a matter of law under Count 1 of the complaint because no agency relationship existed between the parties.

On September 18, 1984, the case was tried before a jury in a bifurcated trial. In Phase 1 of the trial, the jury considered evidence concerning Count 1 of the plaintiff's complaint, the negligence claim.

After deliberations, the jury returned a verdict in favor of the plaintiff and against all of the defendants in the amount of $12,500. In Phase 2 of the trial, the jury heard evidence concerning the plaintiff's claim against Atlanta Car for wrongful non-payment of personal injury protection insurance benefits. In this regard, the jury returned a verdict in favor of the plaintiff and against Atlanta Car totaling $43,495. On October 17, 1984, the defendants filed a motion for new trial. This motion was denied and this appeal followed. *Held*:

1. City Wide Cab and Atlanta Car enumerate as error the denial of their motion for summary judgment. " 'After verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case.' *Phillips v. Abel*, 141 Ga. App. 291 (1) (233 SE2d 384) (1977)." *Talmadge v. Talmadge*, 241 Ga. 609 (1) (247 SE2d 61); *Stone Mountain Pool &c. Co. v. Imperial Pool Co.*, 170 Ga. App. 283 (2) (316 SE2d 769). Consequently, this enumeration is without merit.

2. In their second enumeration of error the defendants contend that the trial court erred by not ordering a separate trial as to Count 2 of the complaint. The defendants argue that failure to order separate trials unduly prejudiced their defense by impermissibly placing the issue of liability insurance before the jury. See *Atlanta Air Fleet v. Ins. Co. of N. America*, 130 Ga. App. 15, 16 (2) (202 SE2d 192).

In their brief and enumeration of error, the defendants have failed to point out any evidence in Phase 1 of the trial where the plaintiff injected the issue of liability insurance. Further, we have examined the record in Phase 1 of the trial, and we find that the plaintiff introduced no evidence with regard to liability insurance. The only evidence introduced in Phase 1 of the trial with regard to an insurance claim was submitted by the defendants after the plaintiff had rested. Consequently, since the insurance issue was not introduced by the plaintiff, the defendants cannot complain that the evidence unfairly prejudiced this case. See *Atlanta Car For Hire v. Ware*, 112 Ga. App. 668, 671 (3) (145 SE2d 813).

3. For the reasons enunciated in Division 2 of this opinion, the defendants' third enumeration is without merit.

4. Defendants contend in their fourth enumeration of error that the trial court erred by instructing the jury as follows: "Ladies and gentlemen, it's 12:30. So we'll recess for lunch and I'll charge you after lunch. I might mention to you that this trial is going to have two parts to it. In other words, your deliberation will have two parts. You will be going out immediately after I charge you to make certain findings as I will charge you at that time, and when you complete those, you may be called in to make other findings. There may be a little bit more evidence put before you. I'm going to caution you, go ahead and

warn you about that at this time since we are operating this Friday. If you're not able to complete this today, we will end up having to come back here next week and complete it. I want you to be aware of that when you go out and start your deliberations. . . . Again, just to mention to you, not to rush you, just to have you understand that there is another portion to this trial. There may be a little bit more evidence they [the parties] will have to present to you so you can make that determination after your verdict here. So I want to say that to you. There may be further proceedings here. It will not be a long proceeding. You may retire." The defendants argue that these instructions "misled" the jury and hurried the jury's verdict in Phase 1 of the trial.

There is no evidence to indicate that the jury was confused or "misled" as a result of the trial court's instructions. Further, there is no evidence indicating that the court's instructions "hurried" the jury's verdict in Phase 1 of the trial, adversely affecting the defendants' case. Contrary to the defendants' argument, we find that the trial court's instructions properly informed the jury concerning the nature of the bifurcated trial and made the jury aware of the schedule upon which the court was functioning.

5. Next, the defendants contend that the trial court erred in admitting into evidence the plaintiff's medical bills. The defendants argue that the medical "bills did not distinguish, with any degree of accuracy, between injuries or treatment which were or may have been related to the subject accident and those treatments or injuries which may have been pre-existing or not related." After examining the record, we find that the plaintiff established a proper foundation for introduction of the medical bills into evidence. See OCGA § 24-7-9. Both of the treating physicians testified concerning the expenses which related to the injuries sustained by the plaintiff in the collision. Further, defendants' counsel had ample opportunity to cross-examine the doctors concerning the expenses which related to the plaintiff's injuries. Consequently, defendants have no basis for complaining that the medical bills were so ambiguous so as to prevent their introduction into evidence. See *Harper v. Samples*, 164 Ga. App. 511 (4) (298 SE2d 29).

6. We next consider their sixth enumeration of error in which the defendants contend that the trial court erred in allowing the deposition testimony of Dr. F. William Dowda, M. D., to be read into evidence because the witness was not qualified as an expert in the field of medicine. More specifically, the defendants argue that Dr. Dowda was not qualified as an expert because it was not established that he was licensed to practice medicine in this State. "The question of qualification as [an] expert witness is one of discretion with the trial court judge. [Cits.]" *Wilkie v. State*, 153 Ga. App. 609, 610 (3) (266 SE2d

289). The Supreme Court of Georgia in *Andean Motor Co. v. Mulkey*, 251 Ga. 32 (1) (302 SE2d 550) held that the right to raise an objection to the absence of proof of a witness' competence to testify as an expert is waived when not raised during the deposition thus allowing counsel an opportunity to try to cure this ground of objection. In the case sub judice such an objection was not raised during the deposition. Here, Dr. Dowda testified as to his medical education, his professional medical affiliations and his experience as a practicing physician. Particularly, in view of the absence of the appropriate objection during deposition this was sufficient evidence to authorize a finding that Dr. Dowda was an expert in the field of medicine. The trial court did not err in allowing the deposition of Dr. Dowda to be read into evidence.

7. In their final enumeration of error the defendants contend that the evidence did not support the trial court's charge on the law of agency. The basis for the defendants' argument is that the plaintiff failed to prove that an agency relationship existed between Parker and City Wide Cab; thus, relieving City Wide Cab and Atlanta Car of liability to the plaintiff for Parker's negligence. Pretermitting the substance of this issue, we have examined the trial transcript and find that the defendants failed to specifically object to the court's charge in this regard. Consequently, "[s]ince the [defendants] did not [specifically] except to the charge given on [agency], we decline to consider this enumeration of error at the appellate level. [OCGA § 5-5-24 (a)]; *Albea v. Jackson*, 236 Ga. 690, 691 (225 SE2d 46)." *Jackson v. Meadows*, 157 Ga. App. 569, 574 (5) (278 SE2d 8).

8. On March 17, 1986, the plaintiff filed with this court a "motion to award damages for frivolous appeal" pursuant to OCGA § 5-6-6. We have considered this motion and find it to be without merit.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JULY 9, 1986 —
REHEARING DENIED JULY 28, 1986.

*William D. Strickland*, for appellants.
*Beverly B. Bates*, for appellee.

