## 75614. JACKSON et al. v. BRADDY et al.
(367 SE2d 96)

McMURRAY, Presiding Judge.

Plaintiffs brought this action against Robert Lee Battle, Aubrey Braddy, d/b/a Braddy Trucking Company, Inc., Braddy Trucking Company, Inc., and Ranger Insurance Company. The complaint sought the recovery of damages for the wrongful death of plaintiff Horace Jackson's wife and for personal injuries sustained by his two minor children (the other plaintiffs) in an automobile collision. It was alleged that on August 4, 1983, plaintiff Horace Jackson's wife and his two minor children were traveling in an automobile in Jeff Davis County; that the automobile collided with a truck which was driven negligently by Battle; that the truck was owned by Braddy and Braddy Trucking Company, Inc. (hereinafter referred to jointly as "Braddy") and was insured by defendant Ranger Insurance Company (hereinafter "Ranger"); that at the time of the collision Battle was a servant of Braddy and that he was acting within the scope of his employment; and that Battle's negligence was the proximate cause of the death of plaintiff Horace Jackson's wife and the injuries sustained by plaintiff's children. The liability of Battle was alleged to have stemmed from his negligence. Braddy's liability was predicated upon the doctrine of respondeat superior. Ranger was alleged to be liable because it issued a policy of insurance to Braddy. Defendants answered the complaint and denied any liability.

Following discovery, defendants Braddy and Ranger moved for summary judgment. The evidence adduced upon the motion showed the following: Braddy was in the oil and the trucking business. In the early 1970's, Braddy incorporated his trucking business as Braddy Trucking Company, Inc. The truck which was involved in the collision, a 1978 White Tractor, was titled in Braddy's individual name and he used it in the trucking business. Ranger issued a liability insurance policy covering the truck to Braddy on March 13, 1981. The policy was cancelled on April 30, 1981, less than two months after it was issued. According to the records of the Public Service Commission, Ranger also issued a policy to Braddy (on May 1, 1979) which was in effect on the day of the collision.

Braddy and his corporation ceased doing business in April 1982. Battle worked for Braddy "off and on" over the years but his employment came to an end before Braddy's trucking business closed its doors. Thus, he was not employed by Braddy at the time of the collision in August 1983.

On February 1, 1983, Braddy sold the White Tractor truck to Battle for approximately $20,000. To document the transaction, Braddy simply executed a bill of sale. Pursuant to the agreement between Braddy and Battle, no downpayment was made; Battle was to

pay Braddy $250 per week so long as the truck was "running." In this regard, Battle paid Braddy the stipulated sum when he was able to lease the truck to other concerns. If Battle could not lease the truck, he did not make the weekly payment. All told, Battle paid Braddy between $1,500 and $2,000 toward the purchase price of the truck.

Braddy retained the truck's certificate of title in order "to protect [his] interest." He also maintained an insurance policy to cover the truck for property damage. That policy was issued by Carolina Casualty Insurance Company and it was in effect on the day of the collision.

Shortly after Battle purchased the truck, it became necessary to renew the tag. Battle paid for the tag himself, renewing it in his own name.

Battle was able to lease the truck at various times. When he did so, he leased it himself without any assistance from Braddy. The truck was not leased to anyone on the day in question.

Ordinarily, Battle made and paid for repairs to the truck himself. Following the collision, however, Battle could not afford to have the truck repaired. He told Braddy that he no longer wanted the truck and that Braddy could have it back. Braddy had the truck repaired and he sold it to a third party. Battle received none of the proceeds.

Based on the foregoing evidence, the trial court granted Braddy's and Ranger's summary judgment motions. *Held*:

"[T]he relationship of master and servant must exist between the owner and the operator of the [vehicle] in order to render the owner liable for the negligent conduct of such operator. [Cits.]" *Graham v. Cleveland*, 58 Ga. App. 810, 811 (200 SE 184). Accord *Redd v. Brisbon*, 113 Ga. App. 23, 26 (147 SE2d 15). Thus, the question for decision in this case is whether the relationship of master and servant existed between Braddy and Battle *at the time of the collision. Palmer, Phinizy & Connell v. Heinzerling*, 34 Ga. App. 544 (1) (130 SE 537).

Where the existence of an agency relationship is denied by the owner and the driver of a vehicle, the denial of the relationship is evidence of a fact which cannot be overcome by circumstantial evidence unless such circumstantial evidence is inconsistent with the denial. *Stewart v. Ga. Mut. Ins. Co.*, 159 Ga. App. 91, 93 (282 SE2d 728); *Allgood v. Dalton Brick & Tile Corp.*, 81 Ga. App. 189, 190 (4) (58 SE2d 522). In view of the denial of an agency relationship by Braddy and Battle, it was incumbent upon plaintiffs to introduce evidence of *agency* which contradicted the denial of Braddy and Battle. *Stewart v. Ga. Mut. Ins. Co.*, 159 Ga. App. 91, 93, supra. This plaintiffs failed to do. The record is devoid of any direct evidence showing that Battle was the servant of Braddy at the time of the collision and the circumstantial evidence is consistent with the absence of an

agency relationship.

Plaintiffs argue that fact questions remain with regard to the ownership of the truck. In support of their argument, plaintiffs point out that Braddy retained the certificate of title and maintained property insurance on the truck and that Battle only made payments to Braddy when the truck was leased. The circumstantial evidence upon which they rely is consistent with the direct, uncontradicted and unimpeached evidence that Braddy sold the truck to Battle and kept a security interest in it. See generally *American Mut. Fire Ins. Co. v. Cotton States Mut. Ins. Co.*, 149 Ga. App. 280, 281 (2) (253 SE2d 825). It does not, therefore, raise a factual question with regard to the ownership of the truck. As it is said: "A fact cannot be established by circumstantial evidence which is perfectly consistent with direct, uncontradicted, reasonable and unimpeached testimony that the fact does not exist." *Neill v. Hill*, 32 Ga. App. 381, 382 (2 b) (123 SE 30).

Assuming, arguendo, that the ownership question could not be resolved as a matter of law, we would nevertheless affirm the judgment of the trial court. The fact that Braddy may have owned the truck would raise a presumption that Battle was Braddy's servant. *Red Top Cab Co. v. Hyder*, 130 Ga. App. 870 (204 SE2d 814). That presumption would disappear, however, in the face of the uncontradicted evidence that there was no agency relationship between Battle and Braddy. *Red Top Cab Co. v. Hyder*, 130 Ga. App. 870, supra; *Blount v. Sutton*, 114 Ga. App. 767, 769 (152 SE2d 777).

The evidence demonstrates without contradiction that at the time of the collision Battle was not the servant of Braddy. It follows that Braddy cannot be deemed liable under the doctrine of respondeat superior and that Ranger cannot be held liable as the insurer of Braddy.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED MARCH 9, 1988.

*William V. Evans*, for appellants.
*Howard C. Kaufold, Jr.*, for appellees.