## A05A0095. METRO TAXI, INC. v. BRACKETT.
(614 SE2d 232)

ANDREWS, Presiding Judge.

Anthony S. Brackett was injured when the vehicle he was driving was struck by a taxicab driven by Andrew Pless and owned by Metro Taxi, Inc. d/b/a Victory Metropolitan Taxi (Metro Taxi). Brackett sued Metro Taxi claiming that it employed Pless as its driver and that Metro Taxi was liable to him on the basis of respondeat superior for Pless's negligent operation of the taxicab. Metro Taxi denied that Pless was its employee and thus denied that it was liable on the basis of respondeat superior. A jury found Metro Taxi liable on the claim and awarded Brackett damages in the amount of $33,889. Metro Taxi appeals contending that the trial court erred by denying its motion for a directed verdict on the basis that Brackett failed to produce any evidence which could support a finding that Pless drove the taxicab as its employee. For the following reasons, we reverse.

At trial, Brackett testified that Pless negligently drove the taxicab and caused the accident in which he was injured. The only other testimony presented at the trial was from Paula Young, an

officer of Metro Taxi, who was called by Brackett for purposes of cross-examination. Young testified that Metro Taxi owned the taxicab which Pless drove in the accident; that Pless had a permit to drive taxicabs issued by Gwinnett County where Metro Taxi advertised and operated; and that Metro Taxi leased the taxicab to Pless for the sum of $50 per day. Young testified that under the lease agreement which Metro Taxi had with Pless and all of its drivers, Pless and the other drivers kept all the fares they collected and that a driver's only obligation to Metro Taxi was to pay the $50 per day lease fee for the right to drive the taxicab. Young further testified that a Metro Taxi dispatcher would call drivers and relay the location of persons who had called Metro Taxi for service, but there was no evidence that the drivers were required by Metro Taxi to accept the calls and provide taxi services to the callers. Although Young testified that she doubted the drivers would make money if they operated the taxicabs only outside of Gwinnett County, she stated that Metro Taxi exercised no control over where the drivers operated.

To prevail on his claim that Metro Taxi was liable for the negligent operation of the taxicab on the basis of respondeat superior, Brackett was required to produce evidence that Pless was driving the taxicab as an employee under the control of Metro Taxi. *Jackson v. Braddy*, 186 Ga. App. 284, 285 (367 SE2d 96) (1988). Although we have held under similar circumstances that proof that the taxicab company owned the taxicab at issue raises an inference that the driver was employed by the company, where uncontradicted evidence shows that the taxicab company leased the taxicab to the driver over whom the company had no control, this rebuts the inference of an agency relationship. *Red Top Cab Co. v. Hyder*, 130 Ga. App. 870 (204 SE2d 814) (1974); *Jackson*, 186 Ga. App. at 286. Moreover, "[t]he fact that the [taxicab company] relayed messages when someone called in for a taxi would not alone be sufficient to establish that [the driver] was the [taxicab company's] agent." *Red Top Cab Co.*, 130 Ga. App. at 871; compare *College Park Cabs v. Justus*, 227 Ga. App. 66, 68-69 (488 SE2d 88) (1997) (evidence the company owned the taxicab combined with evidence that the company controlled the driver by requiring that he accept customers referred by the company dispatcher). Other than evidence that Metro Taxi owned the taxicab driven by Pless, all the evidence produced at trial showed that Pless was not an employee of Metro Taxi but operated an independent business which was not controlled by Metro Taxi. A taxicab company is not responsible for the negligent manner in which a driver operates its taxicab where the evidence shows that the driver is an independent contractor not subject to the right of the company to exercise control over the time, manner and method of the work. OCGA § 51-2-4; *Brunson v. Valley Coaches*, 173 Ga. App. 667, 668 (327 SE2d 758) (1985); *Smith v. Yellow*

*Cab Co. &c.*, 223 Ga. App. 143, 144 (476 SE2d 887) (1996); *Loudermilk Enterprises v. Hurtig*, 214 Ga. App. 746, 748-749 (449 SE2d 141) (1994) (physical precedent).

On the present facts, Brackett failed to produce evidence sufficient to create a jury question as to his contention that the driver acted as Metro Taxi's employee. *Clark v. Atlanta Veterans Transp.*, 113 Ga. App. 531, 533-534 (148 SE2d 921) (1966); *Red Top Cab Co.*, 130 Ga. App. at 871; *Johnson v. City Wide Cab*, 205 Ga. App. 502, 503-504 (422 SE2d 912) (1992). Accordingly, the trial court erred by denying Metro Taxi's motion for a directed verdict. OCGA § 9-11-50 (a).

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED APRIL 28, 2005.

*Parkerson, Shelfer & Groff, David B. Groff*, for appellant.
*Hall, Booth, Smith & Slover, Phillip E. Friduss*, for appellee.