90 N.J. Super. 574 (1966)
218 A.2d 871
ARTHUR McCARTHY, PLAINTIFF-RESPONDENT,
v.
NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC., ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 21, 1966.
Decided March 29, 1966.
*576 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Edward DeSevo argued the cause for appellants (Messrs. DeSevo & Cerutti, attorneys for National Association for Stock Car Auto Racing, Inc.; Messrs. Lynch & Gavarny, attorneys for Old Bridge Stadium).
No one appeared on behalf of respondent.
PER CURIAM.
This is an appeal from an interlocutory order of the Law Division, pursuant to leave granted, which held that releases given by plaintiff to defendants were invalid as a bar to plaintiff's right to sue for damages.
Plaintiff, a racing car driver, signed releases which purported to immunize defendants from future liability for his injury or death resulting from his participation in a stock car race promoted by defendants. Thereafter, during the course of a race plaintiff's automobile caught fire, causing plaintiff to sustain serious burns. He brought suit against defendants charging they negligently failed to inspect his motor vehicle before the race in violation of the rules of the Department of Law and Public Safety, authorized by N.J.S.A. 5:7-14, and the rules of defendants National Association for Stock Car Racing (NASCAR) and Old Bridge Stadium. In answer to the complaint defendants raised, inter alia, the defense of release, and that plaintiff's right to recovery, if any, was limited to the benefits contained in the NASCAR benefit plan which he had signed.
Before trial began it was agreed that the trial judge would rule on the validity of such defenses. The judge held that the releases signed by plaintiff were against public policy and could not bar plaintiff's action. He also ruled that plaintiff's right to recovery was not limited to the benefits provided for in the benefit plan. Defendants appealed.
We are in substantial agreement with the conclusions of Judge Martino, whose opinion is reported at 87 N.J. Super. 442 (1965). The operation and conduct of motor *577 vehicle races is regulated by N.J.S.A. 5:7-8, et seq., and rules and regulations promulgated pursuant to the statute by the Department of Law and Public Safety. The purpose of the statute and the rules and regulations is to protect the safety of both spectators and participants. Where the public interest is involved, as here, agreements to relieve a party from future liability are against public policy.
We see no merit in defendants' argument that plaintiff was barred from challenging the validity of the release because he failed to file a reply to avoid the effect of the releases asserted in defendants' answer. Plaintiff's failure to do so constitutes a denial of the releases as pleaded. R.R. 4:8-4. While plaintiff admitted in his pretrial deposition he had signed the releases, that did not preclude the court from passing on their legality.
Defendants claim that the court erred in holding that the benefit plan signed by plaintiff, releasing them from liability except for the benefits contained therein, did not constitute a limitation on plaintiff's right to recover. They argue plaintiff cannot affirm that part of the plan under which he received benefits and disaffirm that part which releases defendants. We hold that the court did not err. The doctrine of estoppel or waiver asserted cannot be invoked to enforce an agreement which is void as against public policy.
We find the other points raised by defendants do not warrant a reversal.
Judgment affirmed.