CIRO DELLA CROCE, PLAINTIFF, v. ETHEL M. PORTS, DEFENDANT.

Superior Court of New Jersey
Law Division Burlington County

Decided August 30, 1988.

*Robert L. Sloan* for defendant (*James Logan, Jr.*, attorney).
*Stuart A. Radick* for plaintiff.

HAINES, A.J.S.C.

Gambling is a prohibited activity in New Jersey—except in the case of certain amusement games, bingo, raffles, parimutuel horse racing, casino gambling and lotteries. The parties in this case engaged in a prohibited gambling activity, namely, the sale of a share in a lottery ticket. This is a crime under our statutes. This court, by reason of its obvious ethical obligations, must report the matter to the prosecutor. CJC, Canon 1. In addition, since the transaction was illegal, the court cannot assist the parties in resolving their differences but must leave them where it finds them.

Ethel Ports held a legally purchased lottery ticket entitling her to participate in the New Jersey lottery bonus drawing held on March 30, 1988. As a participant in that drawing, she could expect to win a minimum of $250 and a maximum of $1,000,000. Her friend, Ciro Della Croce, offered to purchase her ticket for $5,000, an offer which she refused. Instead, she offered to sell him a one-half interest in the ticket for $3,000, an offer which

he accepted. Ports won $50,000 (the second prize), accepted and deposited Della Croce's check for $3,000. Both travelled to lottery headquarters in Trenton to collect the prize monies, then reduced to $40,000 by reason of income tax withholding requirements. The $40,000 was paid to Ports only since the ticket was in her name. A few days later, Ports decided that she should not honor her agreement, so advised Della Croce by letter and returned the $3,000 by sending him her check in that amount. He now sues for his share of the prize money. That share and the $3,000 check are held in escrow by order of this court pending the disposition of the litigation. Ports moves for summary judgment. This opinion responds to that motion.

■ The transaction violates our gambling statutes. The lottery law itself, pursuant to which the Ports ticket was sold, addresses the issue. *N.J.S.A.* 5:9–14 provides:

> No person shall sell a ticket or *share* at a price greater than that fixed by rule or regulation of the commission. No person other than a licensed lottery sales agent shall sell lottery tickets or *shares*, except that nothing in this section shall be construed to prevent any person from giving lottery tickets or *shares* to another as a gift.
>
> Any person convicted of violating this section shall be guilty of a misdemeanor. [Emphasis supplied]

*N.J.A.C.* 17:20–6.2(e) also provides:

> No person shall sell a lottery ticket, nor *share*, at a greater or lesser price than that fixed by individual game rules. [Emphasis supplied]

The parties are also guilty of promoting gambling in violation of *N.J.S.A.* 2C:37–2a which provides:

> ... A person is guilty of promoting gambling when he knowingly:
> (1) Accepts or receives money or other property, pursuant to an agreement or understanding with any person whereby he participates or will participate in the proceeds of gambling activity; ...

Ports received money for a share of her lottery ticket and Della Croce received property, a share in the ticket. Both expected to participate in the proceeds of gambling activity as gambling is defined in *N.J.S.A.* 2C:37–1b:

> "Gambling" means staking or risking something of value upon the outcome of a contest of chance or a future contingent event not under the actor's control

or influence, upon an agreement or understanding that he will receive something of value in the event of a certain outcome.

Under the facts of this case, promoting gambling is only a disorderly persons offense, but *N.J.S.A.* 2C:37–2b(2), subjects the gambling promoters to a fine of not more than $10,000 and to any other appropriate disposition authorized by 2C:43–2b, which provides for various additional penalties including probation, community service and imprisonment.

■ The gambling promotion statute, however, provides a defense to "players":

c. It is a defense to a prosecution under subsection a, [the subsection applicable here] that the person participated only as a player. It shall be the burden of the defendant to prove by clear and convincing evidence his status as such player. [*N.J.S.A.* 2C:37–2c.]

A "player" is defined in *N.J.S.A.* 2C:37–1c as follows:

"Player" means a person who engages in any form of gambling solely as a contestant or bettor, without receiving or becoming entitled to receive any profit therefrom other than personal gambling winnings, and without otherwise rendering any material assistance to the establishment, conduct or operation of the particular gambling activity. A person who gambles at a social game of chance on equal terms with the other participants therein does not thereby render material assistance to the establishment, conduct or operation of such game if he performs without fee or remuneration, acts directed toward the arrangement or facilitation of the game, such as inviting persons to play, permitting the use of premises therefor or supplying cards or other equipment used therein. A person who engages in "bookmaking" as defined in this section is not a "player."

The "player" defense is not available to either of the parties. Both were "players" with respect to the lottery. The gambling transaction here, however, stands on its own, involving the lottery only indirectly. It concerned the sale of a share in a lottery ticket and the potential winnings for one of the parties resulting from that sale. Ports gambled that she would receive less than $3000 for her share of the ticket from the lottery; Della Croce gambled that he would receive more.

Neither party was engaged in the gambling activity *"solely as a contestant or bettor."* Both did more: they invented, implemented and controlled the gambling game and executed an agreement to cover its tax consequences. Furthermore,

their actions rendered "material assistance to the establishment, conduct or operation of the particular gambling activity." They were not engaged in "a social game of chance"; they were interested in making money by gambling, not in an exchange of social amenities. They fail, at every turn, to meet the definition of "player" and cannot qualify for the "player" defense.

■ The agreement which Della Croce seeks to enforce was therefore illegal and unenforceable in this State. The court will not come to the aid of parties asserting claims arising from an illegal transaction but will leave them where it finds them. *Naseef v. Cord, Inc.*, 90 *N.J.Super.* 135 (App.Div.1966), aff'd 48 *N.J.* 317 (1966); *McCarthy v. National Assn. for Stock Car Auto Racing, Inc.*, 90 *N.J.Super.* 574 (App.Div.1966), aff'd 48 *N.J.* 539 (1967).

## Conclusion.

The suit is dismissed. The escrow order is vacated. A copy of this opinion will be forwarded to the Burlington County Prosecutor.